## No. 4689.

## William Francis Higgins vs. New Orleans, Mobile, and Chattanooga Railroad Company.

All contracts may be made, except those reprobated by law or public policy; and a contract, by which one stipulates for exemption from responsibility for losses occasioned to another from the negligence of his agents or servants, is not against public policy or forbidden by law; but if the losses resulted from the fraudulent, willful, or reckless misconduct of the agent or employee, it would be.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. Jury trial. *Gibson & Austin*, for plaintiff and appellee. *George H. Braughn, Levy & Monroe*, and *J. A. Campbell*, for defendant and appellant.

Ludeling, C. J. The plaintiff sued the defendant for twenty-five thousand dollars damages for injuries inflicted on his person while a passenger on the cars of said company.

The defense is that the defendant was riding, free from charge, under an agreement by which he assumed all the risks of injury to his person or property, and released defendant from all liability, and that the company was guilty of no fault which occasioned the accident.

The evidence shows that C. C. Haley made an agreement with the company by which he had the privilege to sell papers and books, etc., on the train, and that he employed the plaintiff as his agent to go on the trains

for that purpose. Mr. Haley paid no money for this privilege, but his agent or assistant rendered services on the train, such as handing water to the passengers.

The condition on which this privilege was granted was that the employee on the train should sign a contract by which he assumed all risks from accidents, and that the company was not to be liable for personal injuries, or for loss of or injury to property. This condition was explained to the plaintiff by Mr. Haley, and the plaintiff signed such a contract.

Is the agreement lawful? All contracts may be made, except those reprobated by law or public policy, and a contract, by which one stipulates for exemption from responsibility for losses occasioned to another from the negligence of his agents or servants, is not against public policy or forbidden by law; but if the losses resulted from the fraudulent, willful, or reckless misconduct of the agent or employee, it would be.

The evidence satisfies us that the accident was not occasioned by the fraudulent, willful, or reckless conduct of the defendant, and that the verdict of the jury is erroneous.

It is therefore ordered that the verdict be set aside; that the judgment of the lower court be reversed, and that there be judgment in favor of the defendant rejecting the plaintiff's demand with costs.

---

WYLY, J., *dissenting.* As a man has no right to imperil his own life, he has no right to consent that a railway carrier may imperil it by the fault or negligence of its agents and employees.

In my opinion, the condition attached to the free ticket given to plaintiff, whereby the company was released from all responsibility for the injury he might sustain in consequence of the neglect, imprudence, or want of skill of the officers and servants of the company, was void, because it was against public policy.

A railway carrier is bound to employ the utmost diligence which human skill and foresight can effect, not only in providing suitable appliances of transportation, but also in the arrangement thereof. A stipulation with a passenger to be released from the consequence of a failure to discharge its duties, is, in my opinion, a stipulation which the carrier has no right to make. It ought not to escape responsibility by such a device. It must discharge faithfully the duties it has assumed, and public policy requires it.

The jury found that plaintiff had sustained actual damages to the amount of five hundred dollars by the fault of defendant, and I think the judgment on said verdict should remain undisturbed.

I therefore dissent.

Rehearing refused.