## No. 6284.

### Mrs. Delacroix and Husband vs. Mrs. E. E. Meux.

It was not necessary that the plaintiff, Mrs. Delacroix, should have shown how she was separated in property from her husband. It suffices that she was separate in estate.

The petition is in the name of the husband and wife. This is an authorization from the husband to the wife to bring the suit.

Plaintiff may be temporarily in France and still have her legal domicile in the parish of Orleans.

Defendant prayed for a jury, but she has not made the necessary affidavit to bring herself within the rule required by the law.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J. *J. L. Tissot* and *Charles A. Denis*, for plaintiff and appellee. *J. J. Foley*, for defendant and appellant.

Morgan, J. This is a suit on a promissory note drawn by T. O. Meux, deceased, against the defendant, who has been put in possession of his estate.

Defendant excepted —

First—That plaintiff, who claims to be separated in property from her husband, should have averred whether said separation was by contract or judgment, and should have filed an authenticated copy of the act or judgment in separation.

It was not necessary that the plaintiff should have shown how she was separated in property from her husband. It suffices that she was separate in estate.

Second—That she is not authorized to bring this suit.

The petition is in the name of the husband and wife. This is an authorization from the husband to the wife to bring the suit.

Third—That at the time of bringing this suit plaintiff was not a resident of this city, but, on the contrary, was an absentee, residing in Paris, France.

Plaintiff may be temporarily in France and still have her legal domicile in the parish of Orleans. According to the defendant's theory, in order for a citizen of Louisiana who happens to be in France to bring a suit in our courts, he would have to come here. This is not necessary.

Fourth—That plaintiff's petition sets forth no cause of action.

The suit is on a promissory note, and it seems to us that the holder of a past-due and unpaid promissory note has a very good cause of action against the maker thereof.

On the merits, there is no defense. Defendant prayed for a jury, but she has not made the necessary affidavit to bring herself within the rule required by law.

Judgment affirmed.

Rehearing refused.