BREAUX, C. J.
Plaintiff, to the end of recovering in an action for personal injury, alleged, in substance, that the defendant, from whom she leased a house, neglected to repair the roof, flooring, chimneys, and grates. After the evidence had been heard, the cause of complaint was narrowed down to a small opening in the floor.
Plaintiff alleged the amount to repair this opening would have exceeded the • monthly rental.
This allegation is not sustained by the facts. The monthly rental was $35. It was shown that the expenses to repair this opening would have been about $2.
Plaintiff complains that the flooring gave way under her weight, which was heavy, as she is a strong, stout woman,; she avers that her foot fell through this hole, and that she suffered severe and painful injuries for which she claims damages in the sum of $4,750.
The judge of the district court rejected plaintiff’s demand and dismissed the suit.
On the trial of the case, the testimony, particularly of plaintiff and defendant as witnesses, was quite conflicting. The testi *1048 mony of each renders it evident that there is no love lost between them; each said unkind things of the other.
[1,2] The facts are that plaintiff bought a small grocery and barroom from defendant at No. 2300 S. Liberty street, and, after the purchase, she became the tenant of the defendant, owner of the premises. There was an act of lease signed, and one of its stipulations was that defendant would not be responsible in damages, except in case of neglect to make necessary repairs within a reasonable time after having received written notice from the tenant. The written notice was never given. It is asserted by plaintiff that verbal notice was given, but this is denied.
Plaintiff testified that she was standing behind the bar counter. A plank of the floor broke and left an opening in the floor. She fixes the time as just before Christmas. At first she said that there was an opening. After she said that there was not; that she had placed a lattice work to stand on; it broke and caused the floor under it to break also. Her foot passed through it, and she fell up to her left hip. She was assisted by two stalwart men who pulled her up.
The floor was in a bad condition, particularly that part of the "floor under the faucet. It received the drippings from the faucet. The dust from the floor also was swept into this hole. _ The floor was always wet. We infer that the foaming drink would flow freely and kept the floor damp where it fell.
' The opening through which plaintiff alleges she fell was 4% inches in width and 18 inches in length. 1-Iow she managed, being a stout, heavy woman, to fall up to her hip in that narrow siiaee is not entirely explained.
The testimony of witnesses does not throw much light upon the subject. One of the witnesses said that he had a glass of the amber fluid just before assisting in extricating the plaintiff from the hole. |
A disinterested witness said that he saw an opening behind the counter covered with a lattice over the floor.
Plaintiff will have it that she was a prompt tenant in paying rent. This is denied by the defendant, who said that she was obliged to resort to the court and obtain a seizure and was obliged to have her property seized. She avers that it was then that plaintiff determined to retaliate, if possible, by bringing this ■ action for damages.
We have noted that the lease required written notice to be given, which she never gave. On the contrary, she utilized the open space in the floor and used a lattice thereon. She cannot now successfully urge that she is entitled to damages. There is nothing consistent in the statement.
One of the witnesses who helped to pull her out testified that it was the right foot that fell through; others are equally as positive that it was thé left; and there are other equally as contradictory statements.
The judge of the district court, who heard all these witnesses, was not impressed by their testimony. Neither are we.
At the small expense of $2 she might have had the opening repaired. It was a small matter which plaintiff seeks to fan into importance. It only required a written notice informing the owner of the defect. At the same time, if she did not repair the floor, the tenant would repair it and charge it to the rent which was due at the time.
Plaintiff acquiesced sufficiently to prevent her from recovering damages. It may be said of her case, volenti non fit injuria.
Bianchi v. DeValle, 117 La. 587, 42 South. 148, to which we gave considerable attention- when it was rendered, has not been overruled.. It is sustained by a number of cited decisions of this and other jurisdictions in our own country, and also by French authorities. It is particularly applicable here. Accepting it as an evidence of the *1050 law upon the subject, we now decide as we decided heretofore. '
For reasons assigned, the judgment is affirmed.