execution provided by Rev. St. § 983, and provides for hanging in state penitentiary at Baton Rouge, as it does not conflict with act of 1910, so as to abolish hanging and require district court to direct manner of execution.

On application for rehearing. Denied.

For former opinion, see 81 South. 293, ante, p. 735.

PER CURIAM. It is contended in the brief in support of the application for rehearing that, inasmuch as Act No. 133 of 1918, p. 227, does not prescribe hanging as the manner of execution, that method was therefore abolished, and there was imposed upon the district court the duty of determining and directing the way in which the defendant should be executed. However, the act of 1918 does nothing more than to change the place and prisons at which and by whom a condemned person shall be executed, and directs the way in which the record shall be kept. The repealing clause in no way conflicts with the manner of inflicting the penalty provided in the Act No. 61 of 1910. The act of 1910, which it is claimed was repealed by the act of 1918, merely construed the method of execution which had previously been provided in section 983 of the Revised Statutes, and provided that criminals should be executed in the state penitentiary instead of the parish where the crime had been committed. The repealing clause of that act did not affect section 983, for it in no wise conflicted therewith.

---

(81 South. 597)

No. 23176.

CLAY v. PARSONS.

(March 3, 1919. Rehearing Denied May 5, 1919.)

*(Syllabus by Editorial Staff.)*

LANDLORD AND TENANT ⟨⟩164(2)—INJURIES TO TENANT—ASSUMPTION OF RISK.

The provisions of the Civil Code that hold the owner of a building answerable for any injury that may befall another because of the wrongful neglect to make repairs are subject to the general law of negligence, and the obligation may be dispensed with, not only by a lessee as a condition of his contract of lease, but by any one desiring to occupy the house and willing to assume the risk.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Ella Clay against Edward A. Parsons. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Hiddleston Kenner, of New Orleans, for appellant.

Woodville & Woodville, of New Orleans, for appellee.

O'NIELL, J. Plaintiff appeals from a judgment rejecting her demand for damages for personal injuries alleged to have been suffered by the breaking of a plank in the porch of a residence owned by defendant and occupied by plaintiff and her husband. Defendant denies that plaintiff suffered any serious injury, and denies that he would be liable in damages if she had been injured as a result of the accident, because she and her husband had full knowledge of the condition of the house before renting it, and because they both assumed all risks in that respect, by expressly consenting and agreeing that defendant should not be called upon to make any repairs to the premises.

There is no doubt that plaintiff suffered a fall, causing bruises on her leg, as a result of the giving way of a weak place in the porch; but her testimony and that of the witnesses who testified in her behalf is conflicting in so many particulars that we doubt that the accident caused such serious injuries as she complains of. Our opinion, however, is that the defendant is not liable for any injury suffered by plaintiff as a result of the accident. She was well aware of the unfit condition of the house before she or her husband agreed to rent it. She first agreed verbally to rent the house, with the

express understanding that defendant would not make any repairs whatever on the premises. When she made application to rent the house, defendant's representative told her that the house was in such bad condition that he preferred not to rent it. Plaintiff replied that she knew the condition of the house, but desired to rent it, and that her husband would make whatever repairs might be needed. A few days later, she called again at defendant's office and proposed to buy the property on monthly installments. The agreement was reduced to writing, but, when defendant was informed that plaintiff was married, he told her that her husband would have to sign the agreement to authorize her to buy the property. A few days later the husband called at defendant's office and said that he would not consent to his wife's buying the property, but that he would continue renting it on the terms which she had agreed to. Defendant then asked the man whether he understood that he, plaintiff's husband, was to make whatever repairs might be needed, and the man replied that he knew of that agreement and desired to continue renting and occupying the premises on the terms agreed to by his wife.

Our opinion is that the provisions of the Civil Code that hold the owner of a building answerable for any injury that may befall another because of the landlord's neglect to make repairs are subject to the general law of negligence, and that the obligation thus imposed by law upon the landlord may be dispensed with, not only by a lessee as a condition of his contract of lease, but by any one desiring to occupy the house and willing to assume the risk. The decision in Ciaccio v. Carbajal, 142 La. 125, 76 South. 583, relied upon by plaintiff, is authority for the proposition merely that the wife is not bound by an obligation of her husband in that respect. The ruling has no application to this case, where the wife expressly assumed the risk.

The judgment appealed from is affirmed.