PECARARO, Appellant, v. GROVER.

---

(February 14, 1927. Opinion and Decree.)
(February 28, 1927. Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Landlord and Tenant —Par. 11, 65.**

It is lawful to stipulate in a lease that the lessor shall not be responsible for damages caused by any vice or defect of the leased property.

2. **Louisiana Digest—Landlord and Tenant —Par. 11, 67.**

With such a stipulation in a lease the lessee cannot recover damages against the lessor for injury received from falling plaster.

3. **Louisiana Digest—Landlord and Tenant —Par. 1, 11.**

Such a stipulation is not against public policy.

Appeal from Civil District Court. Hon. Mark M. Boatner, Judge.

Action by Mrs. Cath. Pecararo, Widow V. Graffato, against John J. Grover.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

E. M. Stafford, H. W. Robinson, T. B. Freeland, of New Orleans, attorneys for plaintiff, appellant.

E. M. Cahn, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit by a lessee against her lessor for injury suffered from falling plaster.

The plaintiff alleged that, according to the lease annexed to the petition, she leased from the defendant the premises, 801 Magazine street, and proceeded to occupy the same; that on the morning of July 16, 1925, she was asleep in her bed when a large portion of plaster fell from the ceiling over her bed and struck her with great force upon her head, shoulders and side, causing her much injury and suffering, in consequence of which she claims $10,085.00 damages.

The defendant filed the exception of estoppel and no right or cause of action upon the face of the lease and petition.

The exception of no cause of action was maintained and plaintiff's suit was dismissed.

Plaintiff has appealed.

The defense is based upon the following clause of the lease:

"No repairs shall be due the lessee, except such as may be needed to the roof or rendered necessary by fire or other casualty, not occasioned by lessee's fault or negligence. The lessor will not be responsible for damages caused by leaks in roof or by any vice or defects of the

leased property, except in case of positive neglect on his part to have the repairs made within a reasonable time after receiving from lessee written notice of such leaks or defects and of the damage being caused thereby."

It must be noticed that the above clause contains the provision that: "The lessor will not be responsible for damage caused * * * by any vice or defects of the leased premises." This identical provision does not appear to have been included in any lease previously considered in any case previously decided by the Supreme Court. The plaintiff in this case is the lessee herself, who describes herself in her petition as a feme sole. Is this provision binding upon her? It is true that Article C. C. 2695 (2665) provides that:

"The lessor guarantees the lessee against all the vices and defects of the thing; * * * and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."

But Article II of the same Code provides:

"Individuals cannot by their conventions derogate from the force of laws made for the preservation of public order or good morals. But in all cases in which it is not expressly or impliedly prohibited, they can renounce what the law has established in their favor when the renunciation does not affect the rights of others, and is not contrary to the public good."

The clause in the above lease binds the lessee alone and can "not affect the rights of others", as the Supreme Court has decided, not even the wife or children of the lessee, much less others who may be lawfully upon the leased premises.

In Clay vs. Parsons, 144 La. 985, 81 South. 597, the court said, on p. 987:

"Our opinion is that the provisions of the Civil Code that hold the owner of a build-ing answerable for any injury that may befall another because of the landlord's neglect to make repairs are subject to the general law of negligence, and that the obligation thus imposed by law upon the landlord may be dispensed with, not only by a lessee as a condition of his contract of lease, but by anyone desiring to occupy the house and willing to assume the risk."

"The ruling (in Ciaccio vs. Carbajal, 142 La. 125, 76 South. 583) has no application to this case, where the wife expressly assumed the risk."

The clause requiring the lessee to give notice of the necessity of repairs before he can claim damages has been upheld in Torres vs. Starke, 132 La. 1045, 62 South. 137.

In Pierre vs. Hedden, 105 La. 294, 29 South. 734, the court said, on p. 303:

"The parties to a lease have the right, as have the parties to a sale, to broaden or restrict their respective rights and obligations as to warranty by a clause in their contract," quoting Dalloz on Art. C. N. 1721, No. 28-29-57. See also 3 Pothier Louage, S. 114, p. 283.

In 30 Dalloz Rep., p. 320, S. 196 we read:

"The lessor does not warrant the vices which he has excepted from the warranty by an express clause of the contract. (Pothier No. 114.) Such a clause as remarks M. Duvergier, No. 345, has nothing illegal."

"It is permitted to stipulate that the lessor shall not warrant the vices of the thing leased in general, or of a special vice in particular. Such a clause has nothing illegal, unless the lessor was aware of the vice while the lessee was ignorant of it. 3 Duvergier, p. 328, S. 345.

"Very often parties insert in the lease clauses having for their object to restrict the obligation of warranty of the lessor; these clauses, be it understood, should receive their execution, and the lessor

shall not be held for any warranty for the vice or for the vices of which he is formally enonerated." 1 Guillonard, p. 137, S. 121; 1 Bandry Lacantinerie, Vo. Louage (lease), p. 217, S. 440:

"But the lessor may by a clause of the lease put aside or restrict his warranty, just as the lessee may, expressly or impliedly, renounce the warranty; public order is not interested ih the question."

"The lessor is eually exempt from warranty when he has inserted a clause of no warranty." 1 Troplung, S. 198, p. 314.

"A shipper may, by contract, release the carrier from liability for damages." J. D. Simmons & Sons vs. N. O. & N. E. R. R. Co., 122 La. 268, 47 South. 602; Higgins vs. N. O., Mobile and Chattanooga R. R. Co., 28 La. Ann. 133; 112 U. S. 331; 226 U. S. 91.

"A debtor may waive a homestead." Allen, Nugent & Co. vs. Carruth, 32 La. Ann. 444.

"An accused may waive any right which the law has given him. State vs. Arbuno. 105 La. 730, 30 South. 163.

"A creditor may waive the law requiring executors to deposit money in bank." In re Dimmick's Est., 111 La. 656, 675, 35 South. 801.

"A cold storage company may, by contract, limit its liability." Marks vs. New Orleans Cold Storage Co., 107 La. 172, 31 South. 671.

"Heirs may renounce provision of Article 1481, relative to donations to concubines." Hammon vs. Sentell, 160 La. 589, 107 South. 437.

The above authorities answer the objection of public policy.

There is no law prohibiting the renting of dilapidated or defective houses.

Judgment affirmed.