**No.——**

**First Circuit**

---

**SARRETT v. GLOBE INDEMNITY COMPANY**

---

(April 11, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 521; Judgment—Par. 51.**
Where the evidence is meagre and insufficient, although it might be possible to obtain sufficient evidence to sustain plaintiff's demand, judgment should be one of non-suit.

Appeal from the Parish of East Baton Rouge. Hon. Carruth Jones, Judge.

Action by Mrs. Estelle Sarrett and W. V. Sarrett against Globe Indemnity Company, of Newark, N. J.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and one of non-suit entered.

Shelby Taylor and Cross & Moyse of Baton Rouge, attorneys for plaintiff, appellant.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellee.

MOUTON, J. George R. White, it is alleged by Mrs. Sarrett, plaintiff, entered into a contract with the Louisiana Highway Commission to build a highway in the Parish of East Baton Rouge, and furnished defendant bonding company as surety on his bond. She alleges that her husband, W. V. Sarrett, used her mules, plows and scrapers to build the highway; that no compensation was fixed for the use of her outfit, but that she is entitled to recover on a quantum meruit for the use of her property in constructing the roadway. She claims, as just compensation, the sum of $1,840.00, less $100.00 paid by White for the use so made of her property. The defendant company filed an exception of vagueness, contending it was impossible from the allegations of plaintiff to determine whether her cause of action was grounded on the claim that the outfit used was her separate property or belonged to the community, or that W. V. Sarrett was acting as her agent. The Court maintained the exception of vagueness, and plaintiff acting in compliance with its order amended her petition to conform therewith. Defendant filed its answer, and after the introduction of the evidence submitted the case on briefs to be filed. Thereafter, counsel for plaintiff filed a motion to re-open the case alleging that through inadvertence of her counsel, no proof was introduced to show that plaintiff, as owner, had the exclusive administration of the outfit described in her petition and that her husband in using said property in the construction of the highway, had in no way acted for himself, individually, or for the community, but that in handling the property was acting as her agent and representative.

The Court refused to re-open the case, and rendered judgment denying and rejecting the demand of Mrs. Sarrett, at her cost. From that judgment she has taken this appeal. The evidence is rather meagre in reference to the acquisition by Mrs. Sarrett of the mules, plows and scrapers which she claims as her property; it is also quite uncertain and unsatisfactory in respect to the questions raised in the exceptions filed by defendant company, and is insufficient to show the number of days that the outfit claimed by plaintiff was used in the building of the road in question in order that the amount of liability of the defendant, if legally responsible to plaintiff, can be fixed with any degree of moral certainty. The nature of the proof is such, however, that we do not think the claim of the plaintiff should have been denied and rejected and her suit dismissed. The proper judgment should have been one of non-suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and that the demand of the plaintiff be and is hereby dismissed as in case of non-suit at her cost in both courts.