No. 464

First Circuit

SARRETT v. GLOBE INDEMNITY CO.

(June 10, 1929. Opinion and Decree.)

See, also, Sarrett vs. Globe Indemnity Co., 8 La. App. 324.

Taylor & Parker and Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. This is the third suit that plaintiff has filed in order to obtain a judgment against defendant for the hire of her mule teams used in constructing a public highway in the parish of East Baton Rouge. In the first suit she sued jointly with her husband, who also had a claim against defendant for personal services rendered to the contractor who constructed the highway. The contractor failed in the performance of the work, and defendant, in compliance with its obligation as surety for the contractor, completed the work and became responsible in lieu of the contractor.

In the first suit, plaintiff's demand was rejected and "her right reserved to prosecute any claim she might have against defendant in such proceedings hereafter as she may deem proper." See decree of district court in case No. 903 of the district court docket, dated February 4, 1926.

Her second suit was also unsuccessful. Her demand was dismissed as in case of nonsuit. See decree of this court in Sarrett vs. Globe Indemnity Co., 8 La. App. 324.

Her present suit was tried on its merits, and she obtained a judgment for $1,745.64 on January 30, 1929, and from the judgment defendant has taken the present appeal.

The first defense is that Sarrett, plaintiff's husband, was in partnership with G. R. White, the defaulting road contractor, and that, as surety for said contractor, defendant cannot be liable for any claim in favor of the silent partner of said contractor. That defense, whether pleadable or not against Mrs. Sarrett, was disposed of in the first suit of Sarrett vs. Globe Indemnity Co., where the evidence was reviewed upon that subject, and wherein we came to the conclusion that there was no partnership between Sarrett and White.

We still adhere to that finding, notwithstanding the testimony of White to the contrary, which testimony was only taken on the trial of the present case. There was some attempt made to show that Mrs. Sarrett also was a partner, but that allegation rests upon even a weaker foundation than that by which it was claimed that her husband was a partner.

Other defenses are that the mules and scrapers were community property, and that, even if the mules and scrapers belonged to Mrs. Sarrett, they were administered by her husband, and that the revenues derived from their employment fell in the community of acquets and gains between Mr. and Mrs. Sarrett, and that Mrs. Sarrett has no right to recover the same.

It is very evident that defendant has no interest in making these defenses, for it appears that Mr. Sarrett was joined, and that he authorized his wife in suing upon her claim against defendant, and a payment of the claim made to Mrs. Sarrett would undoubtedly be binding upon her husband. A judgment under these pleadings would certainly be res adjudicata against Sarrett.

There is no doubt that work was done in the performance of the highway contract with plaintiff's teams and implements, and the question in which defendant is vitally interested is, How much of such work was done, and what is a fair compensation for the same?

The district judge found that the proof justified him in awarding plaintiff $1,745.64 for the use and hire of her teams and scrapers. The evidence, in our opinion, justifies this finding, and it is not seriously disputed in this court.

For these reasons, the judgment appealed from is affirmed.