**HOFFMAN v. ZIMMER et al.**

No. 16693.

Court of Appeal of Louisiana. Orleans.

June 14, 1937.

John T. Charbonnet, of New Orleans, for appellants.

Gill & Simon, of New Orleans, for appellee.

WESTERFIELD, Judge.

Mrs. Seaphy Hoffman Regan, the lessee of the premises No. 1742 Lesseps street, in the city of New Orleans, brings this suit against Henry Zimmer, Albert P. Vautrain, Mrs. Marie Anna Schnurr, widow of F. Pohlman, and Mrs. Margaret Schnurr, widow of Joseph Schmidt, the owners and lessors of the leased premises, claiming $3,585.50, as damages due to physical injuries alleged to have been caused by a fall due to a defective step. Defendants admitted ownership of the property and set up numerous defenses in their answer, only one of which is relied upon in this court, namely, that Mrs. Regan, defendants' lessee, agreed to make all necessary repairs to the leased property in consideration of the waiver of one and one-half months' rent amounting to $15, and that, therefore, all responsibility for the alleged injuries was assumed by plaintiff because of the agreement to make the repairs.

There was judgment below in plaintiff's favor for $750, and defendants have appealed. Plaintiff has answered the appeal and asked for an increase in the amount awarded her.

Act No. 174 of 1932 relieves the lessor from responsibility for damages for physical injuries occasioned the lessee by defects in the leased premises when the lessee "assumes responsibility for the condition of the premises." Section 1. McFlynn v. Crescent Realty Corporation (La. App.) 160 So. 454; Paul v. Nolen (La.App.) 166 So. 509.

In Clay v. Parsons, 144 La. 985, 81 So. 597, it was said:

"Our opinion is that the provisions of the Civil Code that hold the owner of a building answerable for any injury that may befall another because of the landlord's neglect to make repairs are subject to the general law of negligence, and that the obligation thus imposed by law upon the landlord may be dispensed with, not only by a lessee as a condition of his contract of lease, but by any one desiring to occupy the house and willing to assume the risk."

In Pecararo v. Grover, 5 La.App. 676, we said:

"It is lawful to stipulate in a lease that the lessor shall not be responsible for damages caused by any vice or defect of the leased property. With such a stipulation in a lease the lessee cannot recover damages against the lessor for injury received."

The alleged agreement concerning repairs is said to have been verbal. The evidence tendered for the purpose of establishing its existence is not satisfactory. Mrs. Regan denied having made the agreement and the probabilities support her statement. The leased premises consisted of a half-house, the other side of which was occupied by a Mrs. Adams. Mrs. Adams testified that no such arrangement had been made with her and no tes-

timony was offered to contradict her statement. Fifteen dollars seems an inadequate sum with which to make repairs to a tenement renting for $10 per month. It is not pretended that Mrs. Regan agreed to make future repairs, but only those necessary when she began her tenancy. After the accident a carpenter who had been employed by defendants to repair other properties belonging to them repaired the broken step which caused Mrs. Regan's fall. Defendants, having tendered this special defense, assumed the obligation of proving it with legal certainty. In this they have failed. Consequently their liability for plaintiff's injuries follows.

Mrs. Regan sustained a sacro-iliac strain which is described as mild by one of the attending physicians. She was awarded $750. We have allowed more in other cases of sacro-iliac strains but, under the facts presented here, we have concluded to affirm the award as given below.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.