75 So.2d 34 (1954)
Louise ANDERSON, Plaintiff and Appellee,
v.
Clarence SIMMONS, Defendant and Appellant.
No. 20301.
Court of Appeal of Louisiana, Orleans.
October 18, 1954.
*35 William A. Green, New Orleans, for plaintiff and appellee.
Charlton B. Ogden II and John A. Gordon, New Orleans, for defendant and appellant.
McBRIDE, Judge.
Plaintiff seeks a judgment against defendant for the sum of $10,000, representing personal injuries and loss of earnings suffered by her as a result of a fall from a gallery at the premises, 2600 Danneel Street, to the yard below because of the giving way of the balustrade running along the gallery. Plaintiff is the wife of the tenant of said premises and the suit is directed against Clarence Simmons, who is the landlord.
Plaintiff suffered a deep cut on her upper forehead and was confined to the Charity Hospital in New Orleans for a period of five days during which she was kept under observation, and after leaving the hospital, she returned to her home and she testified that she remained there for two months or more. There was no medical testimony adduced, but the chart or record of the Charity Hospital, which was introduced in evidence, shows that plaintiff had no fractures and sustained no residual injuries; however, she claims to still suffer from head pains which prevent her returning to work. At the time of the trial, as observed by the judge in his reasons for judgment, the scar resulting from the cut on plaintiff's forehead is completely concealed by a thick head of hair. Since leaving the Charity Hospital, plaintiff has received no medical attention.
There is absolutely no question that the balustrade or railing was in a rotten and decayed condition and broke and gave way when plaintiff leaned or fell against it. The accident occurred about 9 o'clock p.m., on August 6, 1952. Plaintiff placed a chair on the porch with the view of sitting for a while on the porch in order to "cool off," and in attempting to move back a clothesline containing her wash, which blocked off part of the porch, she lost her balance *36 and reached over to the balustrade for support, which gave way, precipitating her fall to the ground some 10 or 12 feet below.
Plaintiff recovered judgment in the lower court for $1,200, from which the defendant has appealed. There has been no answer to the appeal by plaintiff.
The only plea relied upon by defendant in this court is the plea of contributory negligence. The argument is advanced in support of the plea that plaintiff well knew of the rotten or decayed condition of the balustrade and that she was negligent in not keeping away from it.
The plea is unavailing to defendant. Under the circumstances as related by plaintiff, we are unwilling to say that she was negligent in reaching for the balustrade when she lost her balance on the porch. The instant case is somewhat like Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513, 516, wherein the Supreme Court said:
"* * * To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide. All that could be assumed in that respect would be that she knew or ought to have known that the balcony was unsafe. The evidence, however, does not justify our concluding that the danger was so apparent as to do away with the provisions of article 2695 of the Civil Code, whereby the lessor was bound to guarantee the lessee against all vices and defects in the leased premises and to indemnify her for any loss resulting therefrom."
Plaintiff is clearly entitled to a recovery. It is too well settled to warrant the citation of authorities that the landlord is responsible to the wife of the tenant for injuries caused to her by the defective condition of the premises.
The trial judge concluded that plaintiff should recover the sum of $1,000 for her injuries, pain and suffering, and after a careful consideration of the record we believe that this amount is excessive and that it should be reduced to $750. Plaintiff produced no medical testimony and relied on a certified chart of the Charity Hospital, which, of course, under the law constitutes prima facie proof. A plaintiff who fails to produce evidence of physicians which appears to have been readily accessible is nevertheless entitled to be compensated for his injuries if he can otherwise show the nature thereof. He may even prove his case by his own testimony standing alone, but sight should not be lost of the wellknown fact that a claimant for personal injuries is always prone to exaggerate his damages. Cade v. Tafaro, La.App., 34 So. 2d 72; Anderson v. Morgan City Canning Company, Inc., La.App., 73 So.2d 196.
Plaintiff was also allowed to recover $200 for the loss of ten weeks' wages at $20 per week, and we do not believe that this award should be disturbed as the lower court believed the plaintiff's story that she did not work for ten weeks and we have no reason to say that the judge was in error in this respect. However, plaintiff, in her petition, alleges that during her convalescence the defendant gave her $12 per week for a period of four weeks, or $48, and in the petition she gives defendant credit for such advances, and in view of this and in a spirit of fairness we believe that the defendant is entitled to be credited for the advances. In connection with the claim for the loss of wages, it is to be noted that plaintiff's husband is not a party plaintiff. There is no question that the chose in action for the loss of wages belongs to the community and can only be asserted by the husband, but we think that the allowance to the wife in this case is correct in view of the fact that plaintiff's husband, while on the witness stand, consented that judgment for the loss of wages might be rendered in favor of his wife. He thus constituted the wife as his agent and he is effectively bound by the judgment and defendant will be amply protected in the matter.
*37 For the reasons assigned, the judgment appealed from is amended so as to reduce the amount thereof to $902, and as thus amended and in all other respects it is affirmed. Plaintiff-appellee is to pay the costs of this appeal.
Amended and affirmed.