CHASEZ, Judge.
The main question involved in this appeal is whether liability for the personal injuries sustained in the case attached to the landlord, or to the tenant.
*294 Plaintiffs, Mrs. Frank Meyer Gebbia and Frank Gebbia, were guests of the Krewe of Theron at its annual Carnival Ball held in the Municipal Auditorium on the night of January 4, 1964. At about 11:15 p. m., Mrs. Gebbia retired to the lady’s lounge and entered one of the compartments therein. In the process of closing the door of the compartment it became dislodged from the hinges, and struck her on the skull causing her to fall back against the side wall of the compartment.
Plaintiffs brought this suit against the City of New Orleans, owner of the Municipal Auditorium, and its liability insurer, the Travelers Insurance Company (hereinafter referred to collectively as “the City”), for the injuries allegedly received by Mrs. Gebbia. The City filed an answer denying the allegations of liability, and incorporating a third-party demand against the Krewe of Theron and its insurer, the American Insurance Company (hereinafter referred to collectively as “the Krewe”), averring that, by the lease contract existing between the Krewe and the City, the Krewe assumed any liability that might arise due to vices and defects in the premises leased. The Krewe answered denying the allegations of the City. Plaintiffs by supplemental petition asked that judgment be granted to them, as prayed for, against the Krewe should the Court find that the City was not liable by virtue of the contract of lease.
At the trial all defendants joined in stipulating that some liability was owed to the plaintiffs, thus the only issue remaining with respect to the plaintiffs is quantum.
The lower court rendered a judgment against the City and in favor of Mrs. Frank Gebbia for $120.00, for loss of wages and $2,000.00 for pain and suffering, and in favor of Mr. Frank Gebbia for $118.00 for doctor bills; $6.00 for hospital bills and $16.82 for drug bills. The judgment dismissed the third-party demand against the Krewe. The City appeals from the judgment rendered against it, and the plaintiffs appeal from the judgment dismissing the demand against the Krewe. ■ The Krewe does not appeal.
The City contends, with respect to the question of liability as between itself and the Krewe, that the written lease agreement existing between them governs to the exclusion of any other provision of law. The argument is that the lower Court applied LSA-R.S. 9:3221 and that it erred in so doing because the statute has application only as between third parties (Gebbias) and owner-lessors (City of New Orleans). As between the lessee and the lessor, the contract of lease alone governs. Whether or not the statute cited is applicable, we believe that the lessee assumed responsibility only for that part of the premises of which he is given control. While all leases include the right to use the accessories of the thing leased, no assumption of responsibility for defects of the thing leased can be said to extend to those accessories over which the lessor retains control.
It is true that as between the lessee and the lessor, the contract of lease governs, and that the lease in this case provides:
“That lessee has leased and rented under the condition that the lessee assumes responsibility for the condition of the premises and the lessor shall not be liable in damages for injury caused by any vice or defect therein to any tenant or occupant, nor to anyone in the building or on the premises by license of the lessee or occupant, unless the lessor knew of such vice or defect, or had received notice of such vice or defect and failed to remedy same within a reasonable time thereafter.”
According to this provision the lessor is not liable unless he has actual knowledge of the defect causing injury.
However, the burden of proving that the lessee assumed full responsibility is upon the owner-lessor who tenders the defense, Roppolo v. Pick, La.App., 4 So.2d *295 839; Hoffman v. Zimmer, La.App., 175 So. 115, and it does not appear to us that this burden has been discharged. Nowhere in the written lease agreement, which is in evidence, does it appear that the lessee accepted the premises “in good order” nor that the Krewe assumed responsibility for that part of the premises upon which the City retained dominion and control.
The Court below found as a fact that the City maintained dominion and control of the ladies’ lounge, principally by a maid in attendance therein who was employed by the Municipal Auditorium and reported to a supervisor likewise employed by the Municipal Auditorium. We note that the lease term herein was but a single evening, or at most a single day, and that the maid was on continuing duty any number of evenings during which the Auditorium was leased to any number of lessees. We believe the important factor here to be retention of dominion and control, not necessarily common usage, and the fact of such dominion and control stands unassailed. See Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913; also 20 Louisiana Law Review page 76 at page 84.
Defendants contend the award for $2,000.00 for pain and suffering of Mrs. Gebbia is excessive. It is their view that Mrs. Gebbia suffered a simple bump on the head. Dr. John Rourke was the treating physician and the only medical expert called to testify. He had been Mrs. Gebbia’s physician since 1955. He testified that she suffered with rheumatoid arthritis, a chronic disease involving the joints of the body and characterized by periods of activity and remission, since 1958. This disease is incurable. Two days after the accident he treated Mrs. Gebbia for discomfort, swelling and soreness in the left side of her head, face and jaw, resulting from the accident of January 4. X-rays were negative. He saw Mrs. Gebbia on several occasions thereafter, additional X-rays were taken, she still had discomfort in her jaw, but the X-rays revealed no abnormalities. Dr. Rourke concluded that Mrs. Gebbia was suffering from traumatic arthritis. Prior to the accident her rheumatoid arthritis had been in a period of remission, according to the doctor, but after the accident she indicated definite signs of a flare-úp and relapse of the condition in her wrists and hands. The final visit relevant to this condition on July 1, 1964, revealed persistence of the pain and symptoms in the left jaw. It was Dr. Rourlce’s medical opinion that the accident and the flare-up of plaintiff’s condition were connected and related. Defendant’s main contention on this issue is the fact that Mrs. Gebbia was sent by Dr. Rourke to the- Tulane Medical School Arthritic Clinic. As the award in the Court below is based upon a causal relation between the bump on the head that Mrs. Geb-bia received and the relapse of her arthritic condition, defendant contends that this Court cannot sustain the award without agreeing that there is a causal connection.. Defendant alleges that this cannot be done in this case for Dr. Rourke testified as the treating physician not as a specialist in the field of arthritis; it is shown that Mrs. Gebbia was sent to the Tulane Arthritic Clinic, and as no specialist from that institution was called by plaintiff, it is contended that the presumption that litigant’s failure to produce a material witness indicates that the evidence of such witness would have been unfavorable to the litigant, applies. The fact remains, however, that Dr. Rourke did testify. His testimony established as a fact that the condition was aggravated and that the cause of the aggravation was the accident in question. We note that neither counsel for defendants produced a single medical expert to dispute or refute Dr. Rourke’s testimony. Moreover, we agree that plaintiffs have carried their burden of proof. We feel that the award of $2,000.00 made in the Court below is neither excessive nor inadequate and that same should be affirmed. We note the judgment of the Court below awards an amount to Mrs. Frank Gebbia of $120.00 for loss of wages. As the wife’s wages are the property of the community *296 existing between husband and wife and as the husband is head and master of the community, only he is entitled to sue for the loss. Therefore, the judgment is amended to delete this award in favor of Mrs. Frank Gebbia for wages.
Our colleague in opposing the foregoing conclusion of the Court denying the wife the right to recover for lost wages relies upon the rationale emanating from the cases of Delacroix v. Meux, 28 La.Ann. 515; Sarrett v. Globe Indemnity Co., 11 La.App. 190, 123 So. 191, and Anderson v. Simmons, La.App., 75 So.2d 34. An examination of these decisions will indicate that they are not apropos here. The first case of Delacroix v. Meux, supra, occurred in 1876 at a time when a married woman could not file a suit without the authority of her husband, and, in lieu thereof, the authority of the Court, and when the husband joined therein it was only for the purpose of permitting her to sue. In Sarrett v. Globe Indemnity Co., supra, the Court stated:
“It is very evident that defendant has no interest in making these defenses, for it appears that Mr. Sarrett was joined, and that he authorized his wife in suing upon her claim against defendant, and a payment of the claim made to Mrs. Sarrett would undoubtedly be binding upon her husband. A judgment under these pleadings would certainly be res adjudicata against Sarrett.” (Emphasis ours)
In Anderson v. Simmons, supra, the Court stated:
“ * * * In connection with the claim for the loss of wages, it is to be noted that plaintiff’s husband is not a party plaintiff. There is no question that the chose in action for the loss of wages belongs to the community and can only he asserted by the husband, but we think that the allowance to the wife in this case is correct in view of the fact that plaintiff’s husband, while on the witness stand, consented that judgment for the loss of zvages might be rendered in favor of his wife. He thus constituted the wife as his agent and he is effectively bound by the judgment and defendant will be amply protected in the matter.” (Emphasis ours)
It will be readily noted that there is a difference and distinction in the facts presented in Anderson and this case. The record discloses that Mr. Gebbia did not testify in this matter so, therefore, he did not give an oral authorization to his wife to act on behalf of the community and the record is also devoid of any evidence of written or special authority by Mr. Gebbia'to his wife to act for or on behalf of the community. As a matter of fact, Mr. Gebbia did not become a party plaintiff herein for the purpose of permitting his wife to collect her lost wages or anything else on his behalf or on behalf of the community. He joined for the purpose of collecting three specific sums due to the community as follows: “Paid to Hotel Dieu $6.00; paid to Fisher-Rabin Medical Center $71.00; drugs and prescribed medication $30.00,” and in the prayer of the petition he seeks judgment in his favor for the sum of $107.00, the aggregate of these items.
We reiterate that there certainly was no specific authority granted by Frank Gebbia to his wife to sue for the loss of wages contemplated in LSA-C.C. art. 1787 and LSA-C.C.P. art. 695. The stipulation entered into the record by counsel with reference to the claim of Mrs. Gebbia admits that she was not negligent; that she did get a bump on her head when the door came off of a hinge and “ * * * we are willing to admit that there is some liability owed to the plaintiff and proceed at least relative to the plaintiff on the issue of quantum only.” This, of course, is a judicial admission of liability for Mrs. Gebbia’s physical injury only.
Therefore, the judgment of the Court below as amended is affirmed. All costs to be *297 paid by the defendants, City of New Orleans and Travelers Insurance Company.
Amended and affirmed.
YARRUT, J., dissents with written reasons.