YARRUT, Judge
(dissenting):
I dissent from that part of the decree of the majority which reverses the judgment of the district court in favor of the wife for her lost wages, without increasing the award to the husband for a corresponding amount; thus leaving the community completely with a loss of the wife’s wages.
It is true that the earnings and wages of a wife, while living with her husband, form part of the community, recoverable by the husband. However, where, as here, the husband joins in a petition and prayer with his wife for the recovery of such wages by the wife, the husband has judicially authorized payment of such wages to the wife and would be denied recovery thereafter under a plea of judicial estoppel and res judicata. Delacroix v. Meux, 28 La.Ann. 515; Anderson v. Simmons, La.App., 75 So.2d 34; Sarrett v. Globe Indemnity Co., 11 La.App. 190, 123 So. 191; LSA-C.C. art. 1787; LSA-C.C.P. art. 695.
In Anderson v. Simmons, supra, this court held that where the husband took the stand in his wife’s action for personal injuries and loss of wages and consented that the judgment for lost wages be rendered in his wife’s favor, he constituted the wife as his agent and since he was bound by the judgment in his wife’s favor, the award for wages to the wife should be affirmed.
The judgment of the district court should be affirmed as rendered.
Rehearing denied.
YARRUT, J., is of the opinion that a limited rehearing should be granted.