## PERFECTION GARMENT COMPANY v. LANASA

———

(May 23, 1927.   Opinion and Decree.)
(June 20, 1927.   Rehearing Refused.)
(October 6, 1927.   Writ of Certiorari and Review Denied by Supreme Court.)

———

(*Syllabus by the Court*)

1. Louisiana Digest—Mandate—Par. 3, 6.
A wife, who acts for her husband in managing a dry goods store in his absence, and assists in the buying in his presence to the knowledge and in accord with the experience of plaintiff's salesman, has the implied power to purchase a bill of millinery for account of her husband, who will be bound for the purchase price. Art. 2997 of the Civil Code.

2. Louisiana Digest—Mandate—Par. 3, 6, 48.
Art. 2997 of the Civil Code, which requires that the mandate to buy and sell be express and special does not apply. Art. 3000 of the Civil Code, providing that a mandate to fulfill certain functions of doing business in the ordinary course of affairs need not be specific controls.

Appeal from Civil District Court. Div. "D". Hon. Porter Parker, Judge.

Action by Perfection Garment Company against Antonio Lanasa.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Sol. Weiss, Wiener and Netter, of New Orleans, attorneys for plaintiff, appellee.

U. Marinoni, Jr., Michel Provosty, of New Orleans, attorneys for defendant, appellant.

## OPINION

WESTERFIELD, J. Alexander Kobrinetz, doing business as the Perfection Garment Co., sues for $402.50, as damages, alleged to be due for breach of contract of sale of certain millinery.

Defendant denies having contracted for the millinery. From a judgment for plaintiff, defendant appeals. The record discloses the following:

Plaintiff, who resides in New York, was represented here by Harry Katz, as a salesman. Katz claims to have sold to Mrs. Lanasa, plaintiff's wife, the merchandise. Mrs. Lanasa feebly denies the transaction, but we are convinced that she bought the goods, and we advance to the real point in the case: Was Mrs. Lanasa authorized to represent her husband in the transaction? It is in evidence that, on a former occasion, plaintiff bought similar merchandise from defendant, through the same salesman, and that his wife was present and selected the goods. It is reasonable to suppose that defendant would rely upon his wife's judgment in purchasing clothing and millinery which he intended to sell to women, rather than upon his own. Defendant occasionally left the city (he was absent when the merchandise was bought for the price for which this suit is brought) and on such occasions his wife managed his business. There is every reason to believe that the wife had ample authority, but it was not express and special. When the goods were finally rejected by defendant, the reason he gave did not remotely relate to the authority of his wife to buy, but solely upon the ground that he was going out of business, as the following letter plainly shows:

"Dear Sir:
"I am just back from my trip and I have found your bill for coats and also notice from the Morgan Line for a case of coats. I like to inform you that I cannot take your shipment because I am going out of business so advise the Morgan Line to return your shipment back and do not ship no other coats. I am sorry that I cannot take the case of coats but just as I tell you above I am going out of business in about 30 days."

That Mrs. Lanasa had tacit or implied authority to act for her husband there can be little doubt, and none that assails us. Our attention is called to Art. 2997, R. C. C., which provides that the power "to sell or buy" must be "express and special".

It is not necessary under this article that the power be in writing, but express and distinguished from implied and general. Nalle & Co. vs. Higginbottom, 21 La. Ann. 477. Power to sell can not be implied. Woodhouse vs. Insurance Co., 35 La. Ann. 242. Clear intention to authorize an agent to sell must be shown. Tomlinson vs. Allen, 152 La. 41, 92 So. 727. Lewis vs. Cane, 157 La. 718, 103 So. 19. A power, authorizing an agent to sell stock does not authorize him to give it in payment of his principal's debt. Webster vs. Harman, 148 La. 1080, 88 So. 462.

There is no pretention that the power to buy was express or special. Defendant conducted a dry goods store, selling women's clothing. His wife was active in its management and in his absence in complete control. She bought the merchandise from plaintiff's agent in defendant's ab-

sence. Either she was capable of binding her husband by implied authority or no contract of sale resulted. Art. 3000 R. C. C. reads as follows:

"Powers granted to persons who exercise a profession or fulfill certain functions, of doing business in the ordinary course of affairs to which they are devoted need not be specified, but are inferred, from the functions which these mandataries exercise."

We are of opinion that this article, and not Article 2997 governs this case. It would subject all business transactions to great and unreasonable restraint to require an express special mandate to buy and sell the numerous items of merchandise dealt in by the many and varied mercantile establishments, partnerships and corporations doing business in this state. It is common practice for managers and executives, clerks and salesmen to act under implied powers in buying and selling the merchandise dealt in by their several establishments. Thousands of purchases and sales are made daily and hourly by agents and employees without express and special mandate. Article 2997 applies to transactions by persons "out of the ordinary course of affairs to which they are devoted". Article 3000 declares that the mandate need not be specific in fulfilling certain functions connected with the ordinary manner of doing business. Peter James vs. Mrs. M. J. Lewis and Husband, 26 La. Ann. 644; Perrolin vs. Cucullu, 6 La. 590; Bezon vs. Pike Lapeyre & Bro., 23 La. Ann. 788.

Our conclusion is that the wife in this case had the implied authority, as agent for her husband, to purchase the merchandise.

The amount of damages claimed does not appear to be in dispute.

For the reasons assigned, the judgment appealed from is affirmed.