187 So.2d 423

**Mr. and Mrs. Frank GEBBIA**

v.

**CITY OF NEW ORLEANS et al.**

No. 48059.

June 6, 1966.

Warren M. Simon, Jr., Simon, Wicker & Wiedemann, New Orleans, for plaintiffs-relators.

William A. Porteous, III, Porteous & Johnson, New Orleans, for defendants, third-party defendants-appellees.

HAWTHORNE, Justice.

We granted a writ in this case to review a judgment of the Court of Appeal insofar as it amended a judgment of the district court by deleting therefrom an award of $120.00 to Mrs. Frank Gebbia for loss of wages.

In a joint petition Mr. and Mrs. Frank Gebbia sought to recover damages from the City of New Orleans and its insurer for injuries sustained by Mrs. Gebbia in an accident at the Municipal Auditorium while she was attending a carnival ball. In this petition the husband itemized and prayed for judgment for medical expenses incurred as a result of his wife's accident, and the wife itemized and prayed for judgment for damages for pain and suffering, permanent disability, and loss of wages. According to the petition, at the time of the accident Mrs. Gebbia was employed as a secretary, and the wages in question were lost as a result of her injuries. By a stipulation entered into at the trial it was conceded that the loss of wages was $120.00.

No exceptions were filed by either defendant to the capacity of Mrs. Gebbia to sue for loss of wages. After trial on the merits the district court rendered judgment in favor of Mr. Gebbia for certain medical expenses, and in favor of Mrs. Gebbia for damages for pain and suffering and for loss of wages of $120.00. The Court of Appeal affirmed the judgment in all respects except as to the item of $120.00. That court was of the view that since the wife's wages are community property and since the husband is head and master of the community, only he is entitled to sue for the loss of the wife's wages, and the court ex proprio motu ordered the district court's judgment amended by deleting the award to Mrs. Gebbia for loss of wages. See 181 So.2d 292. Both Mr. and Mrs. Gebbia applied to this court for a writ seeking a review of the judgment of the Court of Appeal insofar as the item of loss of wages is concerned.

We are primarily concerned in our review of the case with the propriety of the Court of Appeal's action rejecting ex proprio motu the wife's claim for loss of earnings.

Certain cases in our jurisprudence recognized that the wife had a right to act for the community when authorized by the husband, and that any question of her authorization to sue for the community should be raised by the dilatory exception of lack of procedural capacity and filed in limine litis. Succession of Brown, Mann.Unrep. Cas. 216; Perfection Garment Co. v. Lanasa, 7 La.App. 31; Dickens v. Singer Sewing Machine Co., Inc., 19 La.App. 735, 140 So. 296; see also Sarrett v. Globe Indemnity Co., 11 La.App. 190, 123 So. 191.

Since 1933, however, when this court decided Succession of Howell, 177 La. 276, 148 So. 48, the lack of capacity of the wife as plaintiff for the community has been viewed as serious enough to be raised by a peremptory exception which may be filed at any time, or to be noticed by the court ex proprio motu.

In Succession of Howell a married woman filed an opposition to the final account of the executor of the succession, claiming to be a creditor because of her employment by the deceased. Her husband joined her in this opposition for the purpose of aiding and authorizing her to prosecute the claim. This court held that the wife could not sue for the community, and that her suit was properly dismissed on a peremptory exception (exception of no cause or right of action). The rationale of the decision was that the husband as head and master of the community should institute all suits for the community and that the wife had no right to recover in any capacity.[1] The implication of this decision was that the wife could not be authorized to bring suit. See also Mitchell v. Dixie Ice Co., Inc., 157 La. 383, 102 So. 497; Casente v. Lloyd (La.App.), 68 So.2d 329; Sanders v. P. & S. Ins. Co. (La.App.), 125 So.2d 24.

In Stevens v. Johnson, 230 La. 101, 87 So.2d 743, a wife brought suit to be declared the owner of certain property, and the defendants filed in the appellate court an exception of no cause or right of action based on the ground that she, a married woman, could not sue for the community. In a per curiam on application for rehearing this court stated that the exception of no cause or right of action filed by the defendant was an exception which questioned the right or interest of a married woman to file the suit and stand in judgment, and that such an exception is a peremptory exception of want of interest which can be filed at any time, and not a dilatory exception of want of capacity which must be filed in limine litis. The court reasoned that the exception of want of capacity puts

---

1. The decision in the Howell case has been criticized as working an injustice to wives in view of their participation in community earnings. See Daggett, Is Joint Control of Community Property Possible?, 10 Tulane L.Rev. 589, 598; Oppenheim, The Significance of Recent Louisiana Legislation Concerning the Marital Community—Louisiana Acts 49 and 286 of 1944, 19 Tulane L.Rev. 200, 209.

at issue only the procedural capacity of the plaintiff, does not raise the question of whether the plaintiff has any interest in enforcing the judicial right asserted, and is dilatory in nature; that on the contrary the exception of want of interest does raise the question of whether the plaintiff has any interest in enforcing judicially the right asserted; is peremptory in nature, and may be filed at any time.

The holding in the Stevens case on this point was reiterated and followed in Mitchell v. First National Life Ins. Co., 231 La. 546, 91 So.2d 788.

■ In Stevens v. Johnson and Mitchell v. First National Life Ins. Co., supra, the court held that the right of the wife to sue in behalf of the community was properly challenged by peremptory exception which could be filed at any time because there was a want of interest on her part.[2] This conclusion is completely unsound, based as it is on the untenable theory that the wife has no interest in judicially asserting the rights of the community; for, as pointed out by this court in Succession of Wiener, 203 La. 649, 14 So.2d 475, the "community is a partnership in which the husband and wife own equal shares, their title thereto

vesting at the very instant such property is acquired". The wife has a present, vested interest in all income, earnings, and property acquired by the community. It would be wholly unrealistic to say that the wife in the instant case has no interest in the recovery of her lost wages.

■ The jurisprudence of this court erroneously viewed the wife's inability to sue for community rights as based on her lack of interest, when it actually stemmed from her lack of authorization to sue on behalf of the community inasmuch as the law had designated the husband as the head and master of the community, and her inability to sue therefore represented nothing more serious than a lack of procedural capacity as plaintiff. The wife's lack of authorization to sue can now be supplied by the husband's special authorization to her under the Louisiana Code of Civil Procedure, which was adopted in 1960 and became effective January 1, 1961. The notice ex proprio motu by the Court of Appeal in this case of the wife's lack of authorization, which was possible under the jurisprudence discussed above, is no longer proper under the changes made clear by the Code of Civil Procedure. As we interpret the provisions

---

**2.** Following the reasoning that the exception to a wife's suit on behalf of the community is the peremptory exception of no cause or right of action, the courts have ex proprio motu dismissed such suits, as did the Court of Appeal in the instant case. See Kientz v. Charles Dennery, Inc. (La.App.), 17 So.2d 506; Delpido v. Colony (La.App.), 52 So.2d 720; Story v. Story, Administrator (La.App.), 131 So.2d 913; McMurray v. Aetna Casualty & Surety Co. (La.App.), 141 So. 2d 898.

of that Code applicable to the facts of the instant case, the objection to a wife's suit to enforce a community right must be made by the dilatory exception of want of capacity which has to be filed in limine litis; otherwise the objection is waived.

Article 686 of the Code of Civil Procedure states that the husband is the proper plaintiff during the existence of the community to sue to enforce a right of the community, but Article 695 makes it clear that now the wife as agent of her husband may sue to enforce a right of the marital community when specially authorized to do so by her husband.

The redactors of the Code were aware of the unsoundness of the jurisprudence, for they point out in the Official Revision Comments to Article 686:

"One of the greatest reproaches to the administration of civil justice in Louisiana has been the manner in which our courts have permitted defendants to invoke substantive rules of community property to defeat the enforcement of the rights of husband and wife. * * *

"The substantive rules of community property are legal rules of accounting between the community and separate estates which usually are of no concern to the defendant. The only justification for procedural rules on the subject are: (1) a

recognition of the husband as head and master of the community to prevent any unauthorized assertion by the wife of a community right; (2) protection of the rights of the forced heirs and creditors of the husband; and (3) protection of a defendant against double recovery. Time and time again the courts have permitted a defendant, completely protected against double recovery, to defeat a wife's suit when the evidence technically showed that the right sought to be enforced by the wife, with the husband's approval, was a community right; or when the evidence failed to rebut the presumption that it was a community right."

The Official Revision Comments under Article 695 state that this article "completely spells out the procedural capacity of the wife to sue as agent to enforce a community right, when authorized to do so by the husband".

 Since the adoption of Article 695, the husband as head and master of the community no longer is the only one who can sue to enforce a right of the marital community, as held in Succession of Howell and Mitchell v. Dixie Ice Co., supra. By this article the wife is given the right to sue when specially authorized by her husband. Since the husband has the power to specially authorize the wife to sue in behalf of the community, a challenge to her right to institute such a suit raises only the ques-

tion of whether she has been so authorized. This is a matter of procedural incapacity which must be urged by means of the exception of want of capacity. The exception of lack of procedural capacity under Article 926 is a dilatory exception, which under Article 928 must be pleaded prior to answer or judgment by default.

■ Pursuant to Article 855 of the Code of Civil Procedure, "It is not necessary to allege the capacity of a party to sue * * * or the authority of a party to sue * * * in a representative capacity * * *. Such procedural capacity shall be presumed, unless challenged by the dilatory exception". See also Art. 700. In the instant case the authority of Mrs. Gebbia to recover the amount of her wages, which are community property, was presumed unless challenged by a dilatory exception. No dilatory exception was filed in this case, and it was therefore improper for the Court of Appeal to amend the judgment by deleting the award to Mrs. Gebbia of $120.00 for loss of wages.

For the reasons assigned the judgment of the Court of Appeal which deleted the award to Mrs. Gebbia of $120.00 for loss of wages is annulled and set aside, and the judgment of the district court awarding Mrs. Gebbia this amount is reinstated and made the final judgment of this court. Costs in this court insofar as allowed by law are to be paid by the defendants.

187 So.2d 427