REID, Judge.
This suit involves an intersectional automobile collision occurring in the City of Covington, Louisiana, on October 22, 1962. The accident occurred at the intersection of Vermont and Gibson Streets in the City of Covington, and according to the facts, at about 1:00 o’clock in the afternoon, on a very clear day, with little or no traffic, pedestrian or vehicular. Vermont Street runs North and South and Gibson Street intersects at a right angle running East and West. The crossing is protected by an electric semaphore light.
The defendant, Harold J. West, was traveling in an easterly direction and approaching Vermont Street from the West. According to his testimony he was traveling at a moderate rate of speed, having just passed a school zone. Mr. West testified also, that as he approached a point some ninety feet from the intersection the semaphore light turned green in his favor, and that when he reached a point some thirty feet from the intersection he observed the automobile driven by the plaintiff, Annie T. Hunt, approaching the intersection on Vermont Street from the North some sixty feet from the intersection. It was apparent to *771 Mr. West that plaintiff’s automobile was not going to stop and he applied his brakes, all to no avail, and the collision occurred. The front end of the West vehicle struck the side of the Hunt vehicle approximately where the door and the front fender meet. Both vehicles were damaged and the occupants of the Hunt vehicle claimed to have suffered injuries.
This suit was brought seeking damages for repairs to automobile of the plaintiff, medical expenses and doctor bills for Annie T. Hunt, Marie Hunt, Lou Hunt and the infant, Robyn Hunt, as well as for pain and suffering. Marie Hunt alleges to have suffered a hernia of the stomach as a result of the accident. Lou Hunt rib fracture and Annie Hunt a cervical sprain of the neck.
The only important question of fact at issue here is which of the parties were favored by the semaphore light at the time the collision occurred. The plaintiffs, quite naturally, claim that the light was green favoring them, and provided a witness, one Crockett, who alleged to be at the intersection at the time of the collision and who verified the plaintiffs’ story. However, another witness, Elaine Booth, testified that she was observing the light at the time of the impact and that the light was green favoring the defendant. Another eye witness, Mr. Earl Revere, who was working nearby in a Western Auto Store, upon hearing the crash, ran out and observed that the light was at that time just turning to red, on the defendant, Mr. West’s, side, the implication being that the light was green at the time of the impact.
The trial court apparently was little impressed with the testimony of Mr. Crockett, stating “There was never any doubt in the Trial Court’s mind that the traffic light favored Gibson Street or the defendant, West”. Consequently, judgment was rendered in favor of the defendant and against the plaintiffs. The plaintiffs then took an appeal on the following grounds, to-wit:
1. That the findings of fact are contrary to the evidence as presented.
2. Considering the findings of fact of the Lower Court to be true the Judge below was manifestly erroneous in his application of the law to the facts.
As to the first issue presented on appeal, that is, that the findings of fact are contrary to the evidence, it is the rule, too general to require authority, that while the Appellate Court may review facts, much credence is to be given to the finding of fact by the Trial Judge, this being especially true in the case where diametrically opposite testimony is given by the parties involved and their witnesses. It is the Trial Judge who listens to the testimony and is in a position to observe the demeanor of the witnesses. We cannot find from the record that the Trial Judge has made any error as to the facts, and this Court, therefore, has no choice but to affirm the findings of the Trial Court that the traffic light favored the defendant, Mr. West.
 The next question to be decided is whether or not the Trial Judge was erroneous in his application of the law to the facts. In rendering his judgment, the Trial Judge relied on the case of Youngblood v. Robison, 239 La. 338, 118 So.2d 431, 2 A.L.R.3d 1 and Le Beau v. Baton Rouge Bus Company, La.App., 136 So.2d 740, which said cases state the well established Louisiana law that when a crossing is protected by an electric semaphore light it is not essential for the favored driver to look for violations by looking from left to right, but it is permissible for the favored driver to assume that the law will be obeyed. That this is the correct interpretation of the Louisiana law today is not a point of contention on the part of the plaintiffs who agrees with this interpretation. However, counsel for plaintiffs seeks to distinguish these cases from the case at bar on the ground that in both the Youngblood and the Le Beau case the parties in question did not notice the impending danger until it was too late for them *772 to avert the accident, but that in the case at bar the defendant West had actual notice of the plaintiff’s car approaching but failed to heed this notice. It seems to be the contention of the plaintiff’s counsel that Mr. West blatantly and wantonly and with complete disregard for his own safety and that of others proceeded into the intersection knowing full well of the impending collision. The record, however, fails to bear this out as it is shown that the defendant, Mr. West, applied his brakes after determining that the car driven by the plaintiff was not going to stop. It is therefore evident that the case at bar cannot be distinguished from either the Youngblood or Le Beau cases and the judgment of the Trial Court must, therefore, be affirmed.
Since judgment is rendered in favor of the defendant, Mr. West, there is no need to consider the nature of the damages or the quantum.
Affirmed.