192 So.2d 667 (1966)
Anthony J. POLK et ux., Plaintiffs-Appellees,
v.
NEW YORK FIRE AND MARINE UNDERWRITERS, INC., Defendant-Appellant.
No. 1844.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1966.
*668 Plauche & Plauché, by Thomas W. Sanders, Lake Charles, for defendant-appellant.
Payton R. Covington, Lake Charles, for plaintiff-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
FRUGÉ, Judge.
The plaintiffs, Mr. and Mrs. Anthony Polk, brought suit in the lower court for damages for personal injuries sustained by Mrs. Polk in an automobile accident and for expenses incurred by the marital community in connection with the collision. The accident occurred at the corner of Seventh and Kirkman Streets in Lake Charles, Louisiana, an intersection controlled by a standard traffic semaphore light.
Mrs. Polk worked as a cook at Joseph's Drive In, located a few blocks from the scene of the accident, and on completing her duties at twelve o'clock midnight on May 8, 1965, she drove her vehicle in an easterly direction on Seventh Street en route to her home. As she neared the intersection of Seventh and Kirkman, the traffic signal at this intersection changed to red and she halted her car and waited for the signal to change. It was her intention to turn left onto Kirkman Street and to proceed in a northerly direction toward her place of residence. Mrs. Polk testified that when the traffic signal changed to green in her favor she began a slow left turn onto Kirkman Street but before she could complete the turn she was involved in an accident with a vehicle driven by Arthur Davis which was traveling in a southerly direction on Kirkman Street. The left front fender of the Polk vehicle and the right rear fender of the Davis vehicle were damaged in this collision, and although Mr. Davis was not injured, Mrs. Polk received a spraining injury of the lower back and contusions of the forehead and abdomen.
The defendant, the insurer of the Davis vehicle, placed Mr. Davis on the stand and he testified that the traffic light at the intersection of Seventh and Kirkman changed from green to yellow as he approached it and that, although he tried to "beat the light," he was at no time faced with a red light in his direction. He further stated that he had been out on the beach earlier that night drinking beer and that he noticed that the brakes of his vehicle were not *669 operating in a positive manner, a fact that he attributed to his driving on the wet sandy beach. As is usual in this type of case, the opposing parties' testimony is directly conflicting as to who had the green light at the intersection.
According to Mr. Davis' version, he had the amber caution light until his automobile was so far into the intersection that he could not observe a change to red. The plaintiff, however, testified very distinctly that as she approached the traffic signal the light was red and that she stopped her car and waited for the light to change. She stated that she did not move from her stopped position at the intersection until the red light facing her had changed to green.
Only one other witness gave testimony relevant to the issue here presented. The officer who investigated the accident stated that he arrived at the scene of the collision a few moments after the impact and that when he asked Mr. Davis for an explanation of the accident, Mr. Davis admitted running the red light and confessed that he felt that the accident was his fault. At that time the officer ticketed Mr. Davis for failure to observe a traffic signal.
The case was tried before a civil jury and apparently the jury accepted plaintiff's version of the accident, for they returned a verdict against Mr. Davis' insurer, New York Fire and Marine Underwriters, Inc., the defendant herein. The insurer has appealed, urging that the jury erred in finding Arthur Davis guilty of negligence and in concluding that Mary Polk was not guilty of contributory negligence and in assessing damages that were manifestly excessive.
On the question of Mr. Davis' negligence, we feel that the record is replete with evidence supporting the jury's finding of negligence on his part. The physical circumstances of the accident, bolstered by the admission of Mr. Davis with regard to the condition of the traffic signal, lend credence to the plaintiff's testimony that the light was green in her favor when she began her left turn into the intersection. Where the testimony of the witnesses is conflicting as to issues of fact, this court will not disturb the jury's finding without a convincing demonstration of error. Richard v. National Union Fire Ins. Co. of Pittsburgh, 189 So.2d 460 (La.App. 3d Cir., 1966), and authorities cited therein.
The defendant contends alternatively that Mrs. Polk was contributorily negligent in not observing the Davis car as it entered the intersection. The jurisprudence of this state is abundantly clear that a motorist relying on a favorable traffic signal light has only a minimal duty to observe traffic approaching the intersection on the crossing street and may depend on the right of way established by the light in his favor until it is apparent that the crossing motorist is going to enter the intersection in violation of the law. Bryant v. Ouachita Coca-Cola Bottling Co., 239 La. 83, 117 So.2d 919 (1960); Youngblood v. Robison, 239 La. 338, 118 So.2d 431, 12 A.L.R.3d 1 (1960); Hunt v. West, 187 So. 2d 769 (La.App. 1 Cir., 1966); Patterson v. Hardware Mutual Cas. Co., 131 So.2d 147 (La.App. 2d Cir., 1961); Washington Fire & Marine Ins. Co. v. Williams, 144 So.2d 737 (La.App. 4th Cir., 1962); Marbury v. Arnold, 142 So.2d 507 (La.App. 1st Cir., 1962) (flashing signal light); see also Annotation, 2 A.L.R.3d 1.
Assuming without deciding that Mrs. Polk was under some duty to observe and anticipate the action of the Davis vehicle, we feel that any such duty was satisfied when she brought her vehicle to a halt midway through the execution of her left turn when she saw the Davis vehicle approaching the intersection. Remembering that the burden of proving contributory negligence rests upon the defendant, we are of the opinion that the jury's determination that Mrs. Polk was free of any contributory negligence is correct.
*670 The jury awarded the plaintiff husband $250.00 special damages in his capacity as head and master of the marital community existing between Mr. and Mrs. Polk. A portion of this sum consisted of the damages to the 1958 Plymouth driven by Mrs. Polk at the time of the accident. The defendant contends that the jury erred in awarding damages for the repair of the Polk automobile to Mr. Polk because the automobile is the separate property of the wife and she alone could sue for their recovery.
The petition of Mr. and Mrs. Polk alleges the automobile is community property for the repair of which the husband is entitled to recover as head and master of the community. LSA-C.C.P. 686. There is no pleading by the defendant questioning the husband's capacity to sue for this item of damages. This is a matter which must be urged in limine litis by means of the dilatory exception of lack of procedural capacity under Articles 855 and 926 of the Code of Civil Procedure. Gebbia v. City of New Orleans, 249 La. 409, 187 So.2d 423 (1966). Hence the objection in this case is waived.
The defendant also contends that the jury committed manifest error in granting the sum of $2,500.00 to Mrs. Polk for both physical and mental pain and suffering. At the time of the accident Mrs. Polk was approximately three months pregnant and upon impact with the Davis vehicle was thrown against the steering wheel and the windshield, causing contusions or bruising injuries to her forehead and abdominal wall. In addition, she complained of pain in the lower back, a symptom which the attending physician attributed to a lumbar sprain. The physician, Dr. Wilson D. Morris, testified that he found tenderness and involuntary spasm of the erector spinae in the mid and lower lumbar segments. He also stated that while normally he would prescribe ultra-sound treatments in this type of case, he did not do so in this instance for fear that the treatment might jeopardize the fetus. The patient was seen by Dr. Morris on nine different occasions, and on at least two visits he prescribed drugs for the relief of pain. Dr. Morris stated positively that he felt that the patient was not trying to exaggerate her symptoms or mislead him during the examination.
On the witness stand Mrs. Polk testified that she was continuously worried and anxious about the possible effects that the blow to her abdoman would have on the normal delivery and development of her child. However, Dr. Morris, at the time of his consultations with Mrs. Polk, felt that she would not lose the child though she was suffering from cramping pains for a time after the accident. Of course, an expectant mother's anxiety for the well-being of the child she is carrying at the time of an injury is a compensable item of damage, Rogillio v. Cazedessus, 122 So.2d 897 (La.App. 1st Cir., 1960); Nomey v. Great American Indemnity Co., 121 So.2d 763 (La.App. 2d Cir., 1960); Davis v. N. Y. Underwriters Insurance Co., 141 So.2d 673, (La.App. 1st Cir., 1962), and when the physical injuries suffered by the plaintiff in this accident are considered together with the mental strain and anxiety for the safety of her unborn child, we feel that a total award of $2,500.00 is not so grossly excessive as to amount to manifest error on the part of the jury. Deshotels v. United States Fire Ins. Co., 132 So.2d 504 (La.App. 3d Cir., 1961); Nomey v. Great American Indemnity Co., 121 So.2d 763 (La.App. 2d Cir., 1960); Davis v. N. Y. Underwriters Ins. Co., 141 So.2d 673 (La. App. 1st Cir., 1962).
For the foregoing reasons the judgment of the district court is hereby affirmed, the costs of appeal to be borne by appellant.
Affirmed.