273 So.2d 542 (1973)
Amy VICKNAIR et al.
v.
HOME INDEMNITY et al.
No. 9157.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
*543 Joseph F. Keogh, Keogh & Krousel, Baton Rouge, for Home Indemnity.
Hobart O. Pardue, Springfield, for Vicknair.
Before LOTTINGER, ELLIS and CRAIN, JJ.
*544 ELLIS, Judge:
This case, which is consolidated with the case of Kennon v. Vicknair, 273 So.2d 545 (La.App., 1 Cir. 1973), arises out of an accident which happened between a pick-up truck, owned and operated by Wesley Vicknair, and a station wagon owned and operated by Alfonso Kennon. The only plaintiff herein is Amy Vicknair, wife of Wesley Vicknair, who was a guest passenger in the pick-up truck, and who is suing for both general and special damages resulting from her personal injuries. Defendant is Home Indemnity Company, Mr. Kennon's liability insurer. Defendant third partied Mr. Vicknair, alleging the accident was due to his sole negligence, or, alternatively his concurrent negligence.
After trial on the merits, judgment was rendered in favor of Amy Vicknair for $4,000.00 for her personal injuries, and in favor of Mr. Vicknair, who is not a party plaintiff, for special damages of $497,58, and rejecting the third party demand. From that judgment, defendant has appealed. No answer to the appeal was filed in this case.
The accident happened in the Town of Holden, at the intersection of U.S. Highway 190, which runs East and West, and Louisiana Highway 441, which runs North and South. There is a flashing yellow light facing traffic on Highway 190.
Shortly before the accident, Mr. Vicknair was heading West on Highway 190, and Mr. Kennon was heading East thereon. Mr. Vicknair testified that he wished to turn left across the highway to go to a drive-in situated in the southeast quadrant of the intersection. He testified that he brought his truck to a stop, and looking ahead, observed the Kennon vehicle some 250 feet down the highway. He then made his turn, pulled into the parking lot of the drive-in, and shut off his engine. At that moment, he was struck on his right front by the left front of the Kennon automobile. Mrs. Vicknair substantiates Mr. Vicknair's testimony.
Mr. Kennon testified that he was driving along Highway 190 at a speed of 45 miles per hour, the speed limit at that point, when the Vicknair vehicle suddenly turned left some 80 to 100 feet in front of him. He applied his brakes, but was unable to avoid striking the truck, the collision taking place in the East-bound lane of Highway 190. He stated they were driven off the highway by the force of the collision and came to rest in the parking lot of the drivein. Mrs. Kennon substantiates Mr. Kennon's testimony.
The investigating officer was unable to pinpoint the point of impact because of the amount of loose debris in the vicinity thereof. He was able to say that the collision did not take place on the travelled surface of Highway 190, because of the lack of debris thereon. He found traces of marks left by the Kennon vehicle, which started in the eastbound lane of Highway 190 and gradually curved off onto the shoulder thereof, across Highway 441, and up to the two vehicles in the parking lot.
We think it clear that if Mr. Vicknair's version of the accident is accepted, he had ample time to make his turn in safety, considering the speed of the vehicles involved. The district judge must have accepted his version, and we find no manifest error in his conclusion. It follows that Mr. Kennon cannot take advantage of the sudden emergency doctrine, since we conclude that no such emergency existed. We are of the opinion that Mr. Kennon's negligence was the sole proximate cause of the accident.
Defendant claims that the damages of $4,000.00 awarded to Mrs. Vicknair were excessive. The accident happened on April 16, 1969. She suffered a laceration of her forehead and right leg near the knee. She also suffered multiple bruises and contusions. There was also a 50% impairment of the motion of her neck in flexion and extension. The laceration of the leg became infected, and she remained *545 under treatment for this condition until the fall of 1971. She was still having difficulty as of the time of the trial. We find no abuse of discretion on the part of the trial judge in awarding $4,000.00 for the said injuries.
Mrs. Vicknair did not consult the doctor who treated her and whose reports appear in the record until some five weeks after the accident. Another physician, who treated her in the interim, was not called to testify, and defendant claims that it must be presumed that his testimony would be adverse to plaintiff's interest. There is nothing in the record to suggest that the injuries above described did not result from the accident. The doctor whose reports appear in the record treated plaintiff for those injuries for over two years. We fail to see how the testimony or reports of the first physician would have added anything to the record in the case. We see no reason for applying the presumption made by defendant in this case.
As hereinabove mentioned, judgment was rendered in favor of Mr. Vicknair for medical expenses although he is not a party to this suit. Mrs. Vicknair sued for her medical expenses, and, since no question was raised in limine as to her capacity, she would ordinarily be entitled to recover thereon. Gebbia v. City of New Orleans, 249 La. 409, 187 So.2d 423 (1966).
It is clear that no judgment can be rendered in favor of Mr. Vicknair who is not a party plaintiff herein, and the judgment must be reversed in that respect. Since Mrs. Vicknair has neither appealed nor answered the appeal, we cannot alter the judgment in her favor so as to award her the said special damages.
The judgment appealed from is reversed insofar as it makes an award to Mr. Vicknair, and is in all other respects, affirmed. All costs are to be paid by defendant.
Reversed in part, affirmed in part.