294 So.2d 623 (1974)
AMERICAN INDEMNITY COMPANY and Chubb/Pacific Indemnity Group
v.
LEON GODCHAUX CLOTHING CO., LTD. and Consolidated Package Delivery, Inc.
No. 5780.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Rehearing Denied June 7, 1974.
Law Office of Emile L. Turner, Jr., Emile L. Turner, Jr., and David M. Packard, New Orleans, for Federal Ins. Co., a member of Chubb/Pacific Indem. Group and American Indem. Co., plaintiffs-appellants.
*624 Lawrence F. Babst, Jr., Bienvenu & Culver, New Orleans, for Leon Godchaux Clothing Co., Ltd. and Consolidated Package Delivery, Inc., defendants-appellees.
Before BOUTALL, J. and LEON and NOBILE, JJ. Pro Tem.
BOUTALL, Judge.
This is an appeal from a judgment granting a limitation of liability in a contract of deposit. Mrs. Ann Preaus and Mrs. Marjorie Friedmann each owned a fur coat and each requested defendant, Leon Godchaux Clothing Co., Limited, to pick up her coat and store it for the summer. This was done as requested.
At the termination of the storage period, Godchaux hired defendant, Consolidated Package Delivery, Inc. to deliver the coats. While in the process of being delivered, the coats were stolen form Consolidated's truck by a sneak thief and were never again located.
Mrs. Preaus had her coat insured with plaintiff American Indemnity Company, and Mrs. Friedmann's coat was insured with plaintiff Federal Insurance Co. a member of Chubb /Pacific Indemnity Group. Payment for the valuation of the coats under the policies was made by the insurers and suit was brought by them claiming recovery by virtue of their subrogation to the rights of their insureds.
Defendants have filed peremptory exceptions of no right of action on the ground that the fur coats were the separate and paraphernal property of Mrs. Preaus and Mrs. Friedmann, that payment was made to their husbands, and that the subrogation receipts were executed by the husbands; that the husbands had no interest in the coats and therefore no right to subrogate the rights of the lawful owners.
In support of this proposition, the exceptors have referred us to several cases, most of which are not pertinent to discuss here, except for the case of Universal Automobile Insurance Company v. Manisalco, 148 So. 731 (La.App.Orleans 1933). That case simply held that a wife who purchased an automobile with her separate funds could maintain an insurance policy upon it in her name and grant a subrogation to the insurer without the consent of her husband. Civil Code Article 2384 provides that the wife has the right to administer personally her paraphernal property without the assistance of her husband. However, this article does not preclude the husband from administering the paraphernal property of the wife, and Article 2385 of the Civil Code provides that the paraphernal property, which is not administered by the wife separately and alone, is considered to be under the management of the husband. Our courts have long and consistently held that the paraphernal property is presumed to be under the husband's management, and further that he is competent to administer her property as mandatary, and without any formal power of attorney. In re Leeds & Co., 49 La.Ann. 501, 21 So. 617 (1897). This presumption of administration by the husband is presumed to continue until the contrary be shown, and in all cases the burden of proof to the contraty is on those who have an interest to contest it. Breaux v. LeBlanc, 16 La.Ann. 145 (1961).
Although there is a showing in the case at bar that the fur coats are apparently the paraphernal property of the wife in each case (one by virtue of payment from her separate bank account, and the other by donation from her mother) there is no showing that the wife intended to deprive her husband of the administration of this or any other movable property she may have had. Actually, the evidence would indicate that the reverse is probably true, although there is no direct evidence to that effect either. The insurance policies were not placed into evidence, but it appears that these fur coats were only a portion of the items insured, and that the insurance was handled by the husbands for the wives *625 simply as an adjunct of all of the assets owed by these married persons.
Although it is a rather ancient precedent, we refer to the case of Clarke v. Firemen's Insurance Company, 18 La. 431 (1841), in which the recovery was sought from an insurer for the loss of certain furniture alleged to belong to the wife as a separate property. The court stated: "It is perfectly clear that the husband has the power of administering the estate of his wife and particularly her movable property, and to act in his own individual name with regard to the said administration. * * * * Clarke had therefore such interest and right in the furniture as necessarily authorized him to insure it, even in his own name, without its being necessary for him to declare the nature and extent of his interest."
It is our opinion that this is still a correct legal principle. The law requires that the husband account for his administration of the paraphernal property of the wife, and certainly the husband has an interest in preserving the property and insuring against its loss as a proper administrator. LSA-R.S. 22:614 defines an insurable interest as "* * * * any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction or pecuniary damage." Without long and detailed explanation, we readily perceive that such an interest does exist here, although the grant of administration alone would be sufficient to maintain the husband's right to insure and grant subrogation on behalf of the wife. The exceptions are overruled.
Concerning the merits of the case there is ample evidence to sustain the ruling of the trial judge as to the limitation of valuation. It is clear that both Mrs. Preaus and Mrs. Friedmann knew that the value that they placed upon their furs would be the amount recovered in the event of a loss. The evidence shows that they accepted the low valuations because the price of storage was based upon that valuation in an ascending ratio, and the coats were already insured with plaintiffs. As a practical matter there is no reason why these ladies should have chosen to, in effect, insure the insurers of their coats against loss. The liability of the defendant Godchaux is thus limited to the recovery of the valuations placed upon the coats, that is $500. and $100. and this limitation similarly applies to Godchaux's agents for delivery of the coats, Consolidated Package Delivery, Inc.
For the above reasons, we are of the opinion that the judgment appealed from is correct, and we affirm the judgment. All costs of this appeal are to be assessed against appellants.
Affirmed.