351 So.2d 300 (1977)
Calvin DEROUEN et al., Plaintiffs-Appellees,
v.
SOUTHERN PACIFIC TRANSPORTATION CO. et al., Defendants-Appellants.
No. 6146.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
Rehearing Denied November 10, 1977.
*301 Davidson, Meaux, Sonnier & Roy by L. Lane Roy, Lafayette, Caffery, Duhe & Davis by J. Louis Gibbens, New Iberia, for defendants-appellees.
L. Hallman Woods, New Iberia, for plaintiffs-appellees.
Before DOMENGEAUX, WATSON and FORET, JJ.
WATSON, Judge.
This is an appeal from a trial court judgment in favor of an automobile passenger and her husband and against the defendant railroad, which owned a crossing. The trial court held that a defect in the crossing maintained by the railroad caused the accident and handed down excellent written reasons. We quote and adopt them, as follows:
"This is a suit for damages filed by Calvin Derouen and his wife, Lilian. Calvin is suing in his capacity as head and master of the community to recover medical expenses and his wife's lost wages incurred as the result of an alleged automobile accident.[1] Lilian is suing for the injuries and damages she incurred as a result of said accident.
"Southern Pacific Transportation Company (Southern Pacific) is being sued as the owner of the railroad crossing that was the cause of the alleged accident. Travelers Indemnity Company (Travelers) is being sued as the insurer of the driver of the automobile involved in the accident.[2]
"Reviewing the history of the case, Lilian was riding as a passenger in the Derouen *302 family car driven by her daughter, Susan, who is Travelers' insured. Other passengers in the car were Mrs. Derouen's father, Mr. Broussard; her sister, Mrs. Chaisson, and Mrs. Chaisson's two minor children. The alleged accident occurred in the City of New Iberia as the Derouen vehicle was traveling north on Hopkins Street. As the vehicle approached a railroad crossing owned by defendant Southern Pacific, Susan slowed down and began traversing the tracks when, suddenly, the passengers heard a loud noise and the car came to an abrupt halt. This action caused the occupants to lurch forward and upward, resulting in Mrs. Derouen's hitting her head on the roof of the car. This incident allegedly resulted in the injuries of which Mrs. Derouen now complains. Mrs. Derouen is the only occupant of the car who was injured.
"After the vehicle came to rest on the crossing, Susan drove it off the tracks onto the shoulder of the street to prevent blockage of other traffic. An unidentified male stopped to assist the Derouens. He jacked up the car and observed that the tailpipe and muffler were bent and hanging down. The man attempted to pull off the damaged material but was unable to do so. The occupants then walked back to the crossing in order to ascertain the cause of the accident. Mrs. Derouen testified that she observed a railroad spike about five or six inches in height protruding from the crosstie. (T. p. 20) Susan testified that the spike was approximately six inches tall. (T. p. 94) Mr. Broussard testified that he observed a spike but was unable to make an estimate. (T. p. 110) Patrolman Dehart investigated the scene several hours after the accident because the Derouens neglected to report it immediately. Patrolman Dehart testified that he observed two spikes about two or three inches above the wood. (T. p. 122)
"The issue presented to this Court is to determine if the railroad spike protruding from the crosstie was in fact the cause of plaintiffs' damages.
"The evidence adduced on behalf of the plaintiffs is uncontradicted.
"The Derouen vehicle was in excellent condition as was evidenced by the fact that it was inspected and given a safety inspection certificate by the Auto Mart a few weeks prior to the accident.
"All the witnesses testified that the vehicle was operated at a reasonable rate of speed, no more than twenty-five miles per hour, and every precaution was taken before traversing the crossing. Susan slowed down, almost coming to a complete stop, while crossing the intersection.
"All the plaintiffs' witnesses testified that they observed spikes protruding from the crossing immediately after the accident. Greater weight should be given to Patrolman Dehart's testimony, as he was the only independent witness. Although it was dark when he inspected the scene, Patrolman Dehart testified that he observed several spikes protruding two or three inches above the wood.
"The defendant's expert witness, Dwayne Evans, testified that a new car of the same model as the Derouen vehicle had a clearance of five to six inches. He further testified that the age of the car would vary the clearance. Mr. Evans conducted a reconstruction test of the accident but his experimentation was with spikes protruding no more than four inches. He expressed some reluctance to experiment with a spike protruding higher than four inches. He also testified that a spike protruding four inches would constitute a road hazard.
"Although the evidence presented is only circumstantial, negligence may be proved by either direct or circumstantial evidence. LaBlanc v. Travelers, 291 So.2d 817 (La. App., 4th Cir., 1974). Further citing LaBlanc, supra:
`Circumstantial evidence is particularly appropriate where, as is the case here, direct evidence is unavailable to a plaintiff. In order for circumstantial evidence to be sufficient, it must exclude, with a fair amount of certainty, every reasonable hypothesis other than that the damages claimed resulted from negligence of the defendant. In order to constitute a *303 preponderance, the evidence must show it was more probable than not that the harm was caused by the tortious conduct of the defendant.'
"The evidence presented excludes all other reasonable hypotheses. Dwayne Evans testified that the only way to explain the accident would be a spike protruding higher than four inches, the car driven at a high rate of speed, or the muffler and tailpipe hanging lower than usual. (T. 194, 195, 196). The uncontradicted evidence presented was that the undercarriage was normal and the car was driven at a slow rate of speed. Witnesses also testified that they observed spikes protruding five or six inches. The only conclusion that can be reached is that the spike was in fact the cause of plaintiffs' harm.
"Having concluded that the spike caused the accident, the Court must consider if Southern Pacific was negligent. In the recent case of Loescher v. Parr, 324 So.2d 411 (La.1975, rehearing denied 1976), the Supreme Court held that the owner of a `thing' is liable for the damages it causes as mandated by Civil Code Article 2317. Once the injured party proves a vice in the thing and the vice was the cause of his injury, the owner or guardian responsible for the thing can escape liability only if he shows the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Loescher, supra, at p. 447.
"Clearly, Mrs. Derouen's injuries were not caused by her own fault as she was a guest passenger in the automobile. The evidence is uncontradicted that her injuries were not caused by a third party, i. e., Susan Derouen, the driver of the car, operated the same in a careful and prudent manner. Also, there is no evidence, nor is it alleged, that the accident was caused by an irresistible force.
"Southern Pacific, as owner and guardian of the railroad crossing, is liable for the injuries caused by the railroad spike protruding from the crossing.
"As a result of the negligence of Southern Pacific in failing to keep its crossing in a safe condition, Mrs. Derouen suffered a ruptured cervical disc at the C4-C5 level. The disc was fused and Mrs. Derouen has had a normal recuperation with minor pain and partial disability.

* * * * * *
"The Court finds that an award of $17,500.00 for Mrs. Derouen's past and future physical pain and suffering is adequate and in line with awards for similar injuries. Armstead v. Central Louisiana Electric Company, 308 So.2d 870 (La.App., 3rd Cir., 1975). Kennedy v. Travelers, 277 So.2d 692 (La.App., 2nd Cir., 1973).

* * * * * *
"As a result of the accident, Mrs. Derouen was unable to work at her job as a sales clerk for a period of almost two years.
"The Court assesses Mrs. Derouen's damages as follows:

 Medical Expenses $ 6,751.63
 Lost Wages for Two Years 6,720.00
 Deductible on Automobile 100.00
 Past and Future Pain and
 Suffering 17,500.00
 __________
 Total Damages $31,071.63

"The Court further finds that Susan Derouen was not negligent in the operation of the vehicle as evidenced by the testimony of the witnesses. Therefore, Southern Pacific's third party claim against her must fall, and Travelers third party claim against Southern Pacific for recovery of the $41.00 it paid Calvin Derouen for the damages to the Derouen vehicle must stand.
"In accordance with the above, the Court finds that Southern Pacific Transportation Company is liable to Calvin Derouen, as head and master of the community existing between [him] and Lillian Derouen in the amount of Thirteen Thousand Five Hundred Seventy-One and 63/100 ($13,571.63) Dollars; to Lillian Derouen in the amount of Seventeen Thousand Five Hundred and No/100 ($17,500.00) Dollars; to Travelers Indemnity Company in the amount of Forty-One and No/100 ($41.00) Dollars; together with legal interest from the date of judicial demand.
*304 "The Derouens' demand against Travelers Indemnity Company is dismissed; the third party demand by Southern Pacific against Susan Derouen and Travelers is also dismissed. All costs of these proceedings are to be borne by defendant, Southern Pacific. * * *" (TR. 178-182)
For the reasons assigned, the judgment of the trial court is affirmed. Costs of the appeal are taxed against appellant, Southern Pacific Transportation Company.
AFFIRMED.
FORET, J., concurs in the result.
DOMENGEAUX, J., concurs in the result reached.
NOTES
[1] No objection was made to Calvin Derouen suing for his wife's lost wages. LSA-C.C.P. art. 686 provides that the wife is the proper party to sue for her lost wages. However, the husband has an interest in the recovery and lacks only procedural capacity. The dilatory exception raising lack of procedural capacity is waived if not filed prior to answer. Gebbia v. City of New Orleans, 249 La. 409, 187 So.2d 423 (1966); LSA-C.C.P. arts. 681 and 926; Polk v. New York Fire and Marine Underwriters, Inc., 192 So.2d 667 (La.App. 3 Cir. 1966); 28 La.L.R. 397; Vicknair v. Home Indemnity, 273 So.2d 542 (La.App. 1 Cir. 1973). Compare Nicosia v. Guillory, 322 So.2d 129 (La., 1975).
[2] The Derouens also sued Travelers for the negligence of the driver, Susan Derouen; Southern Pacific asserted a third party claim against Susan and Travelers; and Travelers claimed their subrogation rights for automobile damage against Southern Pacific.