SARTAIN, Judge.
This suit seeks the recovery of certain items of damages allegedly sustained by the plaintiff while his automobile was in the possession of the defendants who were in the towing and wrecker service business.
On or about September 18, 1977, Russell Chaney had mechanical difficulties with a 1978 Plymouth Duster while driving in Baton Rouge, Louisiana. He drove his vehicle into the parking lot of the Crillion Apartments located at 1050 North Foster Drive which was nearby, and parked it in one of their spaces. Chaney related that he tried to find the apartment manager at that time to inform him of his difficulty but was unable to locate him.
According to his testimony, he left the vehicle there that night and again tried to contact the apartment manager the next day but was also unsuccessful at that time. On September 20, the vehicle was removed by Brumfield Wrecker Service, Inc., at the request of the Crillion Apartments.
Chaney then contacted the wrecker service in an effort to obtain his vehicle but he did not have the money to pay the charges at that time. A few weeks later, he found that the vehicle had been transferred to another wrecking yard and had been “stripped” of many of its parts.
This suit followed and claims are made herein for damages to the plaintiff’s vehicle while in the possession of these defendants, the loss of the value of its use and for the loss of certain books and personal items.
At the trial, it was learned for the first time that Chaney’s wife was the actual owner of the automobile and that it was brought into the marriage by her as her paraphernal property. An exception of no right of action was then raised by counsel for the defendants and that exception was sustained by the district court as to any claim for damages to the vehicle.
Testimony was allowed as to the value of the loss of use of the vehicle and as to the personal items which disappeared while the wrecker service had the car. Judgment was thereafter rendered in favor of the plaintiff in the amount of $200.00 for loss of the use of the car for four weeks; the claim for the plaintiff’s personal items was rejected.
Brumfield Wrecker Service, Inc. appealed that judgment. The plaintiff has answered *128 that appeal and maintains that the defendants’ exception of no right of action should be overruled and the case remanded for the taking of evidence as to the damages to the vehicle. We find those contentions to be correct.
As previously noted, the basis for the exception of no right of action was that the automobile in question was actually the separate property of the wife of plaintiff; she is not a party in this litigation. It is well settled, however, that the proper exception in such instances is the dilatory exception of lack of procedural capacity as provided for in C.C.P. Article 926. That issue was raised in Polk v. New York Fire & Marine Underwriters, Inc., 192 So.2d 667 (La.App. 3d Cir. 1966) in which the Court observed:
“The jury awarded the plaintiff husband $250.00 special damages in his capacity as head and master of the marital community existing between Mr. and Mrs. Polk. A portion of this sum consisted of the damages to the 1958 Plymouth driven by Mrs. Polk at the time of the accident. The defendant contends that the jury erred in awarding damages for the repair of the Polk automobile to Mr. Polk because the automobile is the separate property of the wife and she alone could sue for their recovery.
The petition of Mr. and Mrs. Polk alleges the automobile is community property for the repair of which the husband is entitled to recover as head and master of the community. LSA-C.C.P. 686. There is no pleading by the defendant questioning the husband’s capacity to sue for this item of damages. This is a matter which must be urged in limine litis by means of the dilatory exception of lack of procedural capacity under Articles 855 and 926 of the Code of Civil Procedure. Gebbia v. City of New Orleans, 249 La. 409, 187 So.2d 423 (1966). Hence the objection in this case is waived.”
Similarly, in American Indemnity Company v. Leon Godchaux Clothing Company, Ltd., 294 So.2d 623 (La.App. 4th Cir. 1974), exceptions of no right of action made against claims by husbands for the recovery of the separate property of their wives were overruled. There, the court said:
“Civil Code Article 2384 provides that the wife has the right to administer personally her paraphernal property without the assistance of her husband. However, this article does not preclude the husband from administering the paraphernal property of the wife, and Article 2385 of the Civil Code provides that the paraphernal property, which is not administered by the wife separately and alone, is considered to be under the management of the husband. Our courts have long and consistently held that the paraphernal property is presumed to be under the husband’s management, and further that he is competent to administer her property as mandatary, and without any formal power of attorney. In re Leeds & Co., 49 La.Ann. 501, 21 So. 617 (1897). This presumption of administration by the husband is presumed to continue until the contrary be shown, and in all cases the burden of proof to the contrary is on those who have an interest to contest it. Breaux v. LeBlanc, 16 La.Ann. 145 (1961) (sic).”
This case will be remanded to the district court for two limited purposes. Since there was no plea of lack of procedural capacity by the defendant, that exception was waived and evidence concerning the damages to the Chaney vehicle was admissible.
We note also that a motion for a new trial was filed on behalf of Brumfield Wrecker Service, Inc., on the ground that new evidence was available concerning funds at the plaintiff’s disposal in the time period following the confiscation of the vehicle. That motion was denied. In view of the additional evidence to be taken in regard to the plaintiff’s claim, the defendant will also be allowed to offer the proof suggested in its motion for new trial.
For the above reasons, the judgment of the district court is reversed and this matter is remanded for further proceedings consistent with the views hereinabove ex *129 pressed. All costs of this appeal are to be borne equally between the parties. The assessment of all other costs is to await a final determination on the merits.
REVERSED AND REMANDED.