WATKINS, Judge.
This case has been appealed once before. In a decision of this Court in No. 12,964 reported in 380 So.2d 126 (1979), we set aside the sustaining of an exception of no right of action. We remanded the case to the trial court with instructions to decide two limited issues, (1) quantum of damages to the Chaney vehicle, and (2) availability of funds to Chaney to recover the car from the wrecker service. The trial court after trial on the merits rendered judgment for plaintiff, Russell Chaney, against Brumfield Wrecker Service, Inc., in the sum of $250.00, assigning written reasons. Our original decision well sets out the facts of the case, and the written reasons correctly apply the applicable law. We, therefore, adopt the written reasons as the opinion of this court. It will be noted that the trial court did not decide, nor do we decide, the possible questions of whether or not Chaney committed a trespass upon the parking lot of Crillon Apartments, where the vehicle was parked, or whether or not Brumfield or Crillon made an extra-legal conversion of the automobile. The decision is based solely upon the cannibalization of the automobile after it was towed away and while it was in the custody of defendant Brumfield Wrecker Service. The written reasons for judgment of the trial court fully set forth are as follows:
“This suit was remanded by the First Circuit Court of Appeal for ‘two limited purposes .... evidence concerning the damages to the Chaney vehicle .... new evidence . . . available concerning funds at the plaintiff’s disposal in the time period following the confiscation of the vehicle.’
*1120 In regard to the first aspect of the remand, the evidence reflects that because of damage sustained in a prior collision, the 1972 Plymouth Duster was close to a total loss. However, it did serve as transportation for the plaintiff and his wife even though it would not have been an attractive item in the market place. Further, there is no doubt in the court’s mind that the vehicle was cannabalized while reposing in Brumfield’s care. Plaintiff’s expert testified that it would take $1,339.00 to replace the parts on the vehicle which were vanalized (sic). With these considerations in mind, the court finds that the plaintiff did sustain a loss to the vehicle caused by the defendant. The court measures this loss at $250.00 being the amount which he paid for a replacement vehicle.
With respect to the remaining proof permitted on the remand relating to the financial ability of the plaintiff to retrieve his vehicle from Brumfields, this bears on the plaintiff’s claim for loss of use and inconvenience during the period of time after it was picked up by Brum-field and when Chaney purchased a substitute vehicle. The court previously awarded $200.00 for four weeks during which the plaintiff was deprived of his vehicle. The evidence now reflects that merely ten days elapsed during this period. The parties stipulated that the fee for towing and storage owed by the plaintiff to Brumfield was $50.00. It would appear that if the plaintiff was able to muster up $250.00 for purchase of another car, he should have been able to pay Brumfield for these modest charges and much of the delay in payment attributable to his impecunious condition was his own fault. For this reason, the Court finds that its original award of $200.00, while equitable considering the defendant’s actions, cannot be justified in view of the evidence.
Based upon the new and additional evidence filed on the remand, together with further consideration of the evidence furnished on the original trial, and as expressed in these reasons, the court renders judgment in favor of the plaintiff, Russell Chaney, and against the defendant, Brumfield Wrecker Service, Inc. in the sum of $250.00. In all other respects, the judgment previously rendered is maintained.
The expert witness fees of Robert L. Croxton and Walter Hilburn are set at $50.00 each and are taxed as costs. All costs of this proceeding are to be paid by the defendant.”
Only defendant Brumfield Wrecker Service, Inc., appealed. Chaney neither appealed nor answered the appeal. The issue of damages for loss of use of the automobile is, therefore, not before us, and that portion of the written reasons for judgment applying to that issue is not pertinent to our decision.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.