446 So.2d 547 (1984)
CITY OF ALEXANDRIA, Through the Mayor, John K. SNYDER, Plaintiff-Appellant,
v.
Carroll E. LANIER and Robert Lawrence, Defendants-Appellees.
No. 83-511.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*548 Rowena Jones and Chris J. Roy, Glynn W. Reynolds, Alexandria, for plaintiff-appellant.
Gold, Little, Simon, Weems & Bruser, Henry B. Bruser, III, Alexandria, for defendants-appellees.
Before FORET, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
This appeal involves the balance of power between a Mayor and City Council. The City of Alexandria, through its Mayor, John K. Snyder, filed suit against the city's former Mayor, Carroll E. Lanier, and its former Director of Utilities, Robert L. Lawrence, alleging the defendants failed to implement an energy cost adjustment formula *549 to the detriment of the city. Thereafter, the Alexandria City Council adopted a resolution which, inter alia, directed the Mayor and City Attorneys to dismiss any suits previously filed by said Mayor which had not received the approval of the Council. Defendants responded with dilatory exceptions of lack of procedural capacity and prematurity. The former exception was sustained by the trial judge. Plaintiffs appeal.
Appellants assign the following errors: (1) the trial court erred in concluding the provisions of the City Charter vest authority solely in the City Council to file suits on behalf of the City and, (2) alternatively, the trial court erred in finding the resolution in dispute could be applied retroactively to the suit herein.
The City of Alexandria (plaintiff-appellant) through its Mayor, John K. Snyder, filed suit against former Mayor Carroll E. Lanier, and former Director of Utilities of the City, Robert L. Lawrence, alleging that the defendants, while acting in their official capacity and engaged in the performance of their governmental functions, breached the duty they owed under the law to the City and its citizens and violated certain provisions of the City Home Rule Charter, the State Constitution, the Code of Governmental Ethics and City Ordinances. Plaintiff sought $2,000.00 in damages.
Suit was filed January 10, 1983. On February 15, 1983, the Alexandria City Council passed Resolution No. 2422-1983, which, in sum, prohibited the Mayor from instituting any litigation on behalf of the City without the prior approval of the City Council. In addition, the resolution specifically directed the Mayor to dismiss, without prejudice, all civil suits filed in the City's name since December 6, 1982 (the date Mr. Snyder began his term of office) reserving to the City the right to reinstate litigation upon compliance with procedures established in the resolution. The present suit was not dismissed. Subsequently, the defendants filed dilatory exceptions of lack of procedural capacity and prematurity. Plaintiff-Appellant filed motions for continuance and a stay, both of which were denied. Subsequently, defendants' exception of lack of procedural capacity was sustained pursuant to La.C.Civ.Pro. 926 and plaintiffs' action was dismissed.
Thus, the issues presented for our resolution are: (1) Does the Mayor have the authority, inherent or specified, to institute suit?; (2) If so, to what extent may the Council limit the Mayor's capacity to direct legal action?; and (3) Assuming the aforementioned issues are resolved in appellants favor, can Resolution 2422-1983 be applied retroactively to the suit herein? Our resolution of the first two issues renders it unnecessary to address the last.
Alexandria has a "Mayor-Council" form of government. The Home Rule Charter adopted by the affirmative vote of its citizens pursuant to Article VI, Section 5, of the Louisiana Constitution of 1974, divides municipal authority into two branches: legislative and executive, and specifies the powers of each. All residuary authority is reserved to the Council, Section 2-06, with the exception that all executive and administrative authority is invested in the Mayor, Section 3-01.
Section 2-06 provides:
"All powers of the city shall be vested in the council, except as otherwise provided by law or in this charter, and the council shall provide for the exercise thereof and for the performance of all duties and obligations imposed on the city by law."
The enumeration of the powers and duties of the mayor in Section 3-07 provides that he is primarily charged with the obligation of effectuating the decisions of the council, although he also has veto power over ordinances. Section 2-13. Among the duties of the Mayor is to "perform such other duties as are specified in this charter or may be required by the council." Section 3-07(8). Obviously, the present action has not been required by the Council, thus the Mayor's authority must lie elsewhere if the litigation is to proceed.
Appellant relies on section 3-1 of the Charter which establishes the Mayor as the *550 "chief executive officer of the city", with "all executive and administrative authority... except as set forth in this Charter." Section 3-1 of the Charter further directs the Mayor to:
"... see that all laws, provisions of the charter and acts of the council, subject to enforcement by him or by officers subject to his direction and supervision, are faithfully executed, ..."
Section 2-07 states:
"Except for the purpose of inquiries and investigations under Section 2-08, the Council or its members shall deal with city officers and employees who are subject to the direction and supervision of the Mayor solely through the Mayor, and neither shall give orders to any such officer or employee, either publicly or privately."
Section 4-01, in pertinent part, provides:
"(A) All divisions, departments, offices and agencies shall be under the direction and supervision of the mayor."
Appellant also relies on section 4-02 which identifies and describes the powers and functions of the "Legal Division"; it provides that the head of the Legal Division shall be a City Attorney who shall be appointed by the Mayor and shall serve at his or her pleasure. The City Attorney, under (B) of said section, is charged with the power and responsibility of representing the city in all legal proceedings.
Appellee relies heavily on Section 2-06 and contends that if the Mayor's powers extend to initiation of litigation without Council approval it would commit the City to expenditure of substantial public funds for attorneys fees, expert witness costs and other litigation expenses outside the budgetary process. Appellee also argues that any such grant of power would allow an incumbent Mayor to harass political opponents by subjecting them to publicly financed "reprisal" lawsuits.
Notably, the City Charter is silent on the question of whether the Mayor has the right to bring suit or instigate litigation without prior approval of the City Council.
"Executive authority" has been defined as the power and duty of the executive branch of government to enforce the laws. State of Louisiana ex rel Guste v. Legislative Budget Committee, 347 So.2d 160 (La. 1977); Springer v. Government of Philippine Islands, 277 U.S. 189, 48 S.Ct. 480, 72 L.Ed. 845 (1928).
A Mayor, in the performance of his administrative duties, must be accorded discretion and his exercise thereof will be presumed to be valid unless the contrary is clearly shown. LaFleur v. Roberts, 157 So.2d 340 (La.App. 3rd Cir.1963). Nevertheless, charter provisions limiting or qualifying the authority of municipal officials must be construed so as to give them effect. Id. "In a constitutional form of government based upon the rule of law, public officials like all other citizens, must obey the law". 157 So.2d at 343. See also: 3 McQuillan on Municipal Corporations (3rd ed. 1949) Section 12.43 at pp. 198-199; and Dickson v. Hardy, 144 So. 519 (La.App. 2d Cir.1932).
The rights, powers and duties of the officers of a municipality are controlled by the provisions of the constitution, statutes, charter and ordinances, and it may be stated broadly that the officers of a municipal corporation cannot find it by assumption of powers beyond those granted by the sovereign authority and not essential and indispensable to the declared objects for which it was incorporated. 56 Am.Jur.2d 326, Municipal Corporations § 275. Section 2-06 provides that all powers granted pursuant to the home rule charter are vested in the council unless expressly delegated to some other officer or body. The Alexandria Home Rule Charter is in accord with the regulations and delegation of powers found in the majority of municipalities. See: 56 Am.Jur.2d 194, Municipal Corporations § 140. It is no part of the official duty of the mayor to examine the books or operations of former officers although it may be within his province to investigate such matters and give public information there from if he thinks it best. 56 Am. Jur.2d 330, Municipal Corporations § 281.
*551 Section 2-06 is clear that all powers not expressly delegated to the mayor are reserved unto the council. Appellant's reliance on provisions relative to executive and administrative authority of the mayor is misplaced. Former city officials are not subject to the direction and supervision of the mayor nor does executive power extend to enforcement of laws prior to his term of office. Such action does not fall within the scope of executive and administrative authority.
Having found that the Mayor lacked the authority to institute the litigation herein, the action of the Council in enacting a resolution seeking compliance with the division of powers as set forth in the charter was a proper means to assert their residuary authority as acts of a municipal council and mayor are subject to judicial control and supervision. LaFleur v. Roberts, supra.
A challenge to a plaintiff's authority to act to assert a claim is a defense properly raised by the dilatory exception pleading lack of procedural capacity. La.C.Civ.Pro. Art. 926; Frazer v. Day, 307 So.2d 733 (La.1975); Gebbia v. City of New Orleans, 249 La. 409, 187 So.2d 423 (4th Cir.1966); Lemoine v. Roberson, 366 So.2d 1009 (La. App. 1st Cir.1978); Chaney v. Brumfield Wrecker Service, Inc., 380 So.2d 126 (La. App. 1st Cir.1979), appeal after remand, 400 So.2d 1119. We find the trial judge properly sustained defendant's exception.
For the reasons assigned hereinabove, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.