291 So.2d 817 (1974)
Mrs. Mercedes Marie LeBLANC, Individually and in her capacity as Administratrix of the Estate of her minor child, Lawrence J. LeBlanc, Jr.
v.
The TRAVELERS INSURANCE COMPANY.
Clement G. TORREGANO, Individually, and in his capacity as Administrator of the Estate of and for the Use and Benefit of his minor son, Clement J. Torregano, III, and Harold Bruno, Jr., Individually and in his capacity as Administrator of the Estate of and for the Use and Benefit of his minor son, Harold E. Bruno, III
v.
The TRAVELERS INSURANCE COMPANY et al.
Darrell A. GIBSON
v.
The TRAVELERS INDEMNITY COMPANY and Boh Bros. Construction Company.
Nos. 5529-5531.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1974.
Rehearing Denied April 9, 1974.
*818 Reese & Abadie, George W. Reese, John P. Dowling, William M. Detweiler and Charles R. Maloney, New Orleans, for plaintiffs-appellees.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ashton R. Hardy, New Orleans, for defendants-appellants.
Before SAMUEL, REDMANN and FLEMING, JJ.
SAMUEL, Judge.
These three suits for personal injuries and property damages arise out of two separate automobile accidents caused by steel sheet pilings belonging to Boh Bros. Construction Company, Inc., a corporation whose liability insurance carrier was The Travelers Insurance Company. The cases were consolidated for trial in the district court and for argument here.
Plaintiff in suit No. 5529 of our docket is Mrs. Mercedes Marie LeBlanc,[1] individually and on behalf of her son, Lawrence J. LeBlanc, Jr., a guest passenger in an *819 automobile driven by Harold E. Bruno, III. The sole defendant in that suit is Travelers. Plaintiffs in suit No. 5530 are Harold Bruno, Jr. and Clement Torregano, individually and on behalf of their minor sons, Harold E. Bruno, III and Clement J. Torregano, III, the driver and guest passenger respectively of the Bruno vehicle. Defendants in that suit are Travelers, Boh Bros. Construction Co., Inc., and Arthur and Henry Boh, d/b/a Boh Bros. Construction Company. Plaintiff in suit No. 5531 is Darrell A. Gibson, driver of the second automobile. Defendants in that suit are Travelers and Boh Bros. Construction Co., Inc.
The judgment value of each of the suits was stipulated by opposing counsel prior to trial. After trial, there was judgment in each suit, in the respective stipulated amounts, in favor of the plaintiff or plaintiffs and against the defendant or defendants named therein. Defendants have appealed.
Testimony relative to both accidents was given by the driver and passengers of the Bruno vehicle, the driver of the other car (Gibson), an investigating police officer, and the job superintendent for Boh Bros., Mr. Murray Chatelain.
From that testimony, which is not contradictory, and from other evidence contained in the record, we find the following facts: The accidents occurred in the vicinity of Florida Avenue and Egania Street in the City of New Orleans where Boh Bros, was in the process of constructing a drainage canal parallel to Florida Avenue, the first taking place just before midnight (Saturday) and the second shortly thereafter. The area was very dark. Florida Avenue was a narrow, two-lane highway with one lane for traffic traveling in each direction.
The Bruno car, a small, foreign type vehicle, was traveling on Florida at a speed of about 20 miles per hour. It was being driven by Harold E. Bruno, III with young Torregano and LeBlanc as guest passengers. Just before passing another vehicle traveling in the opposite direction on Florida, it hit an obstruction in the street which the driver had not seen. The objects struck by the car were several Boh Bros, steel sheet pilings which protruded approximately 4 or 5 feet into Florida Avenue about 18 inches above the ground. There were no barricades or warning devices of any kind. The front and undercarriage of the Bruno car were damaged and its passengers injured by the impact.
The police were called. When they arrived on the scene the Bruno car had been moved to the side of the road. The investigating officers contacted the police dispatcher for the purpose of having the pilings moved off the roadbed. However, the dispatcher was unable to locate anyone connected with Boh Bros, and the police ordered barricades and smudge pots for placement in the area of the protruding pilings.
The second accident, involving the Gibson car, occurred before the barricades and smudge pots could be placed in position. The same pilings, which had not been moved to any appreciable extent by the prior accident, caused the second incident. Gisbon was driving on Florida Avenue at a speed of approximately 25 to 30 miles per hour when he first saw the protruding pilings a few feet ahead of him. Another car was passing at the time. He attempted to stop but was unable to do so. His car, an Oldsmobile, struck the top of the pilings and traveled approximately 100 feet thereafter. As in the first accident, the pilings were not moved to any appreciable extent by the colliding Oldsmobile. There was no damage to the bumper of Gibson's car; the damage was confined to the undercarriage. He too was injured. Very shortly after the Gibson accident a third car also ran into the protruding pilings.
Mr. Chatelain, the Boh Bros. Job superintendent, was the only witness called by the defendants. He testified: The work involved in the construction of the canal *820 by Boh Bros. consisted of driving piles in parallel lines about 18 feet apart. Each of the pilings weighs about 200 pounds and ranges from 18 to 25 feet in length. Because of their size and weight it is impossible to pick them up or move them without heavy mechanical equipment. The pilings were being placed along the job site as the work progressed. A bundle of pilings would be pulled on the bed of a truck by a winch and transported to the next desired position. There they were unloaded by sliding them off the bed of the truck to the ground. With the use of a crane they were then placed in stacks of five. The protruding pilings in suit came from one of those stacks.
Mr. Chatelain had no explanation as to how the protruding pilings got into the highway. He said he passed that stack twice on the day before the accident occurred (Friday), once on his way to the office, which was located at one end of the job site, at about 5:30 or 6 p. m., and again on his way home shortly thereafter. At those times the pilings involved were stacked 4½ to 5 feet off the Florida roadway at a 45 angle, which is customary. He stated that when he arrived at the scene the following Monday morning, he did see what appeared to be tire marks off the road in the vicinity of the place where the offending pilings had been stacked. He found no other evidence which would indicate a vehicle had run off the road and into the stacked pilings. He admitted the sheet pilings, being steel on steel, did have a tendency to slide.
Thus, the record is devoid of any evidence directly showing how the sheet pilings got on the roadway. This is the basis of appellants' sole contention in this court, that plaintiffs have failed to prove negligence on the part of Boh Bros. by a preponderance of the evidence.
It is true that, with some exceptions not present here, negligence is never presumed and the burden of proving negligence by a preponderance of the evidence rests on the party alleging it. However, negligence may be proved by either direct or circumstantial evidence.[2] Circumstantial evidence is particularly appropriate where, as is the case here, direct evidence is unavailable to a plaintiff. In order for circumstantial evidence to be sufficient, it must exclude, with a fair amount of certainty, every reasonable hypothesis other than that the damages claimed resulted from the negligence of the defendant. In order to constitute a preponderance, the evidence must show it was more probable than not that the harm was caused by the tortuous conduct of the defendant.[3]
We are of the opinion that there is sufficient evidence in the instant case to support the trial court's finding of negligence on the part of Boh Bros. For we find the evidence excludes, with a sufficient amount of certainty, every reasonable hypothesis other than that the accident resulted from the negligence of Boh Bros. and, in addition, the evidence shows it was more probable than not that the accident was caused by that negligence.
It was the obligation of Boh Bros. to stack the pilings in such a manner as to prevent dislodgement and protrusion into the highway. If properly stacked they could have been dislodged only by some outside independent force. For two reasons we reject Mr. Chatelain's suggestion that a vehicle ran into the stack and caused the dislodgement prior to the first accident in suit. First, it is extremely unlikely *821 that a vehicle could have run into the stack of heavy steel sheet pilings without considerable damage and probable injury. If such a collision had occurred, it appears to us highly probable the same would have been known to the police and evidence thereof thus would have been easily obtainable. No such evidence appears in the record; there is no showing of any accident prior to the Bruno car collision. Second, Mr. Chatelain's testimony relative to seeing tire marks appears to us to be questionable and conjectural. He said merely that he saw marks which "appeared" to be tire marks. No such marks appear in photographs which were taken by Mr. Chatelain and introduced in evidence by the defendants, the investigating police officer, who would be expected to look for such evidence, makes no mention of such tire marks, and there is no showing that such tire marks, if they did exist, were not made by the Boh Bros. truck which transported the pilings to the location where they were stacked.
As a matter of probabilities, we are satisfied the pilings must have protruded into the roadway only a short time before the occurrence of the first accident in suit. The absence of prior accidents earlier in the night supports that conclusion. We find it more probable than not that the offending pilings slid out of the bundle of their own weight because they were improperly stacked. We can conceive of no other reasonable hypothesis which would explain their presence in the roadbed. As improper stacking is attributable to negligence on the part of Boh Bros., the judgments are affirmed.
For the reasons assigned, the judgments appealed from are affirmed.
Affirmed.
REDMANN, J., concurs.
NOTES
[1] Lawrence J. LeBlanc was later substituted as proper party plaintiff.
[2] Romero v. Butcher Air Conditioning Company, La.App., 255 So.2d 132; United States Fidelity & Guaranty Co. v. Hyams, La.App., 238 So.2d 750; McFatter v. Welch, La.App., 205 So.2d 607; Lanza Enterprises, Inc. v. Continental Insurance Co., La.App., 142 So. 2d 580.
[3] Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276; Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395; Perkins v. Texas & New Orleans Railroad Company, 243 La. 829, 147 So.2d 646.