SAMUEL, Judge.
This is a suit by Leon Chaplain, the owner of real property located at 3204 St. Philip Street, in New Orleans, and Liberty Mutual Insurance Company, his subrogee, against Lucie D. Kinsella, the owner of adjacent real estate, and Mr. and Mrs. Henry J. Timothy, the lessees of the Kinsella property, to recover $8,088.40 in damages caused to Chaplain’s property by a fire which originated on the Kinsella property. Mrs. Kinsella filed a third party demand against Mr. and Mrs. Timothy, to which no answer was filed.
Following a trial on the merits, there was judgment against Mr. and Mrs. Timothy in favor of Chaplain for $100, representing the deductible amount under his'insurance policy, and in favor of Liberty Mutual Insurance Company for $7,988.40, the sum expended by it in the repair of Chaplain’s property. Plaintiffs’ suit against Mrs. Kinsella was dismissed. Mr. and Mrs. Timothy have appealed. In addition, plaintiffs have appealed from that portion of the judgment dismissing Mrs. Kinsella, but they subsequently moved to dismiss their appeal, subject to an assessment of costs by this court.[1]
The evidence shows Mrs. Timothy leased the property designated as 947-949 North Rendon Street from Kinsella sometime in 1963. On October 3, 1971 at 4:30 p. m. a fire ignited in an open shed in the rear of the leased premises and spread to adjacent buildings, including the property owned by Chaplain and insured by Liberty Mutual.
The leased property consisted of a duplex. Mrs. Timothy used one side to oper *54 ate a barroom and the other side as her personal residence. A three-sided shed was located in the yard behind the residence portion of the property, and the fire originated in this shed.
Plaintiffs offered the testimony of Leonard Sabel, a District Fire Chief for the New Orleans Fire Department, who supervised extinguishment of the fire and later investigated its cause. At the time of the trial Chief Sabel had been employed by the New Orleans Fire Department as a fire fighter and district chief for approximately 26 years.
As soon as the flames in the shed had been extinguished sufficiently to allow him to enter, he made an initial investigation to determine the cause. He stated a burner, similar to the type used in hot water heaters, was located on a stand in the shed and was supplied with fuel by a galvanized steel gas pipe. As his men extinguished the fire, it continued to rekindle at a shüt-off valve located in the gas line a short distance from this burner. Inspection of the valve showed the flames completely engulfed it, and it could not be determined which side of the valve was leaking. He also noticed a distinct odor of natural gas as he initially entered the shed. Chief Sa-bel indicated the fire was caused by a leak in this valve and ordered the gas to this pipe shut off.
Mrs. Timothy testified: When she purchased the bar as a going business and rented the property from Mrs. Kinsella the burner was already located and installed in the shed. She only used the burner occasionally for shrimp boils and other special events and had not used it for several months prior to the fire. Paint cans were stored in the shed together with a grocery basket filled with newspapers. While she claimed she did not enter the shed very often, she also stated cases of beer and extra beer and highball glasses were stored there for use in the bar.
Mrs. Kinsella, the owner, was quite elderly and rarely visited the property. She denied any knowledge of the existence of the burner or that cooking was done in the shed. There is no evidence in the record to indicate any knowledge on her part of the existence of the burner or of any defect in it;
In his reasons for judgment the trial judge stated he found the following: (1) the burner was entirely under Mrs. Timothy’s control; (2) the fire began in the shed in the rear of the property leased by Mrs. Timothy; (3) the cause of the fire was a ruptured or leaking gas valve on the gas pipe which supplied the burner; (4) Mrs. Timothy should have inspected the gas valve and burner and should have detected the gas odor or leakage in time to prevent the fire; and (5) the fire was caused by the sole negligence of Mrs. Timothy.
Counsel for Mrs. Timothy contend that since she was not in the restaurant business she did not make a practice of cooking on the premises. They argue her testimony establishes nonuse of the burner for 4 to 6 months prior to the fire and under such circumstances she did not have a duty to make a regular inspection of the burner. They further point out there is no direct evidence to show any act of negligence on the part of Mrs. Timothy since she testified she had not used the burner for sometime and she had no notice of any defect in it.
While a plaintiff must prove his case by a preponderance of the evidence, circumstantial evidence may be used to support his claim. In Naquin v. Marquette Casualty Company,[2] the Supreme Court noted that causation in many instances can only be proved by circumstantial evidence. There the court stated circumstantial evidence, taken as a whole, must exclude other . reasonable hypotheses with a fair amount of certainty. This does not mean, *55 however, that the circumstantial evidence must negate all other possible causes, since such a rule in many cases would make proof of liability impossible for all practical purposes.
In Jordan v. Travelers Insurance Company,[3] the Supreme Court stated that in the case of circumstantial evidence the burden of proof on the plaintiff is that which excludes other reasonable hypotheses with “a fair amount of certainty.” The court went on to say that, however the plaintiff’s burden of proof may be described, direct or circumstantial evidence is sufficient to constitute a preponderance when, taking the evidence as a whole, the evidence shows that the occurrence of the fact or causation to be proved is more probable than not.
In LeBlanc v. Travelers Insurance Company,[4] this court said:
“It is true that, with some exceptions not present here, negligence is never presumed and the burden of proving negligence by a preponderance of the evidence rests on the party alleging it. However, negligence may be proved by either direct or circumstantial evidence. Circumstantial evidence is particularly appropriate where, as is the case here, direct evidence is unavailable to a plaintiff. In order for circumstantial evidence to be sufficient, it must exclude, with a fair amount of certainty, every reasonable hypothesis other than that the damages claimed resulted from the negligence of the defendant. In order to constitute a preponderance, the evidence must show it was more probable than not that the harm was caused by the tortuous conduct of the defendant.”
The evidence presented in the instant case constitutes sufficient support for the trial court’s findings. Even if Mrs. Timothy’s statement that she had not used the burner for 4 to 6 months prior to the fire is true, the record clearly shows gas was leaking and was distinctly noticeable upon entry into the shed. While Mrs. Timothy denied entering the shed very often, testimony by her (and by Chief Sabel) establishes that she stored her bar supplies and beer cases in the shed. As bar supplies and beer, particularly the latter, must be replenished from time-to-time, it is reasonable to assume Mrs. Timothy did in fact visit the shed more often than her testimony indicates. The odor of natural gas was clearly discernible, and a tenant entering a shed with natural gas present would be negligent in failing to notice the odor and to take steps to locate and eliminate the source of the gas leak.
While the record does not disclose the specific cause of ignition of the gas, taken as a whole, the evidence presented to the trial court is sufficient to prove Mrs. Timothy’s negligence by a preponderance of the evidence under the reasoning of the Louisiana Supreme Court in the Naquin and Jordan cases, cited above. After a careful reading and consideration of all the testimony, we find no justification for overturning the trial court’s findings and conclusions.
For the reasons assigned, the judgment appealed from is affirmed. Mr. and Mrs. Timothy are to pay all costs with the exception of any costs incurred by the appeal taken by plaintiffs. Any costs occasioned by plaintiffs’ appeal are to be paid by them.
Affirmed.
LEMMON, J., concurs.

. Two other cases involving damage to adjacent property by the fire were consolidated with this one. They were settled before trial and are of no significance to this appeal.

. 244 La. 569, 153 So.2d 395.

. 257 La. 995, 245 So.2d 151.

. 291 So.2d 817, 820.